UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| METRO AFFILIATES, INC., *et al.*,[1] | Case No. 13-13591 (SHL) |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF SILVERMAN SHIN & BYRNE PLLC AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "***Application***") of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order authorizing the Debtors to employ and retain Silverman Shin & Byrne PLLC ("***Silverman Shin***") as special counsel *nunc pro tunc* to the Petition Date,[2] pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2014-1 of the Local Rules for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: 180 Jamaica Corp. (7630); Amboy Bus Co., Inc. (2369); Atlantic Escorts, Inc. (8870); Atlantic Express Coachways, Inc. (2867); Atlantic Express New England, Inc. (4060); Atlantic Express of California, Inc. (5595); Atlantic Express of Illinois, Inc. (5759); Atlantic Express of LA, Inc. (1639); Atlantic Express of Missouri, Inc. (3116); Atlantic Express of New Jersey, Inc. (8504); Atlantic Express of Pennsylvania, Inc. (0330); Atlantic Express Transportation Corp. (4567); Atlantic Queens Bus Corp. (0276); Atlantic Paratrans of NYC, Inc. (1114); Atlantic Paratrans, Inc. (3789); Atlantic Transit, Corp. (7142); Atlantic-Hudson, Inc. (5121); Block 7932, Inc. (3439); Brookfield Transit, Inc. (8247); Courtesy Bus Co., Inc. (5239); Fiore Bus Service, Inc. (1233); Groom Transportation, Inc. (7208); G.V.D. Leasing, Inc. (0595); James McCarty Limo Services, Inc. (8592); Jersey Business Land Co. Inc. (3850); K. Corr, Inc. (4233); Merit Transportation Corp. (8248); Metro Affiliates, Inc. (0142); Metropolitan Escort Service, Inc. (9197); Midway Leasing, Inc. (7793); R. Fiore Bus Service, Inc. (3609); Raybern Bus Service, Inc. (9412); Raybern Capital Corp. (6990); Raybern Equity Corp. (3830); Robert L. McCarthy & Son, Inc. (4617); Staten Island Bus, Inc. (6818); Temporary Transit Service, Inc. (0973); Atlantic Express of Upstate New York Inc. (1570); Transcomm, Inc. (4493); and Winsale, Inc. (2710). The Debtors' service address at Metro Affiliates, Inc.'s corporate headquarters is 7 North Street, Staten Island, NY 10302.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

United States Bankruptcy Court for the Southern District of New York; and upon the Schlenker Declaration and the Shin Declaration attached to the Application as <u>Exhibit B</u>; and the Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that notice of this Application and the opportunity for a hearing on this application was appropriate under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application and the Shin Declaration, that Silverman Shin does not represent or hold any interest adverse to the Debtors or to their estates as to the matters upon which Silverman Shin has been and is to be employed; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having heard the evidence and statements of counsel regarding the Application and having determined that the legal and factual bases set forth in the Application and in the Shin Declaration establish just cause for the relief granted herein, it is hereby Ordered that:

1. The Application is granted and approved *nunc pro tunc* to the Petition Date.

2. In accordance with section 327(e) of the Bankruptcy Code and, with respect to Silverman Shin's hourly rates, section 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1, the Debtors are hereby authorized to employ and retain Silverman Shin as special counsel in these chapter 11 cases, as contemplated by the Application.

3. Silverman Shin shall apply for compensation and reimbursement in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, and the any fee and expense guidelines of this Court, and such other procedures as may be fixed by order of this Court.

4. Silverman Shin shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

5. Silverman Shin shall apply any remaining amounts of its prepetition retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Silverman Shin.

6. Silverman Shin shall provide not less than ten business days' notice to the Debtors, the U.S. Trustee and any official committee of any increase in the hourly rates charged by Silverman Shin in this engagement, which notice must be filed with the Court. The U.S. Trustee retains all rights to object to, and the Court retains the right to review, any such rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. The Debtors and Silverman Shin are authorized to take all actions they deem necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

New York, New York
Date: December 3, 2013

*/s/ Sean H. Lane*
United States Bankruptcy Judge