# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**METRO AFFILIATES, INC.,** *et al.*[1]**,**<br><br>Debtors. | Chapter 11<br><br>Case No. 13-13591 (SHL)<br><br>Jointly Administered |

## SCHEDULES OF ASSETS AND LIABILITIES FOR METRO AFFILIATES, INC. (CASE NO. 13-13591)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: 180 Jamaica Corp. (7630); Amboy Bus Co., Inc. (2369); Atlantic Escorts, Inc. (8870); Atlantic Express Coachways, Inc. (2867); Atlantic Express New England, Inc. (4060); Atlantic Express of California, Inc. (5595); Atlantic Express of Illinois, Inc. (5759); Atlantic Express of LA, Inc. (1639); Atlantic Express of Missouri, Inc. (3116); Atlantic Express of New Jersey, Inc. (8504); Atlantic Express of Pennsylvania, Inc. (0330); Atlantic Express Transportation Corp. (4567); Atlantic Queens Bus Corp. (0276); Atlantic Paratrans of NYC, Inc. (1114); Atlantic Paratrans, Inc. (3789); Atlantic Transit, Corp. (7142); Atlantic-Hudson, Inc. (5121); Block 7932, Inc. (3439); Brookfield Transit, Inc. (8247); Courtesy Bus Co., Inc. (5239); Fiore Bus Service, Inc. (1233); Groom Transportation, Inc. (7208); G.V.D. Leasing, Inc. (0595); James McCarty Limo Services, Inc. (8592); Jersey Business Land Co. Inc. (3850); K. Corr, Inc. (4233); Merit Transportation Corp. (8248); Metro Affiliates, Inc. (0142); Metropolitan Escort Service, Inc. (9197); Midway Leasing, Inc. (7793); R. Fiore Bus Service, Inc. (3609); Raybern Bus Service, Inc. (9412); Raybern Capital Corp. (6990); Raybern Equity Corp. (3830); Robert L. McCarthy & Son, Inc. (4617); Staten Island Bus, Inc. (6818); Temporary Transit Service, Inc. (0973); Atlantic Express of Upstate New York Inc. (1570); Transcomm, Inc. (4493); and Winsale, Inc. (2710). The Debtors' service address at Metro Affiliates, Inc.'s corporate headquarters is 7 North Street, Staten Island, NY 10302.

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
Lisa G. Beckerman
Rachel Ehrlich Albanese

AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288
Scott L. Alberino *(Admitted Pro Hac Vice)*

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>METRO AFFILIATES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-13591 (SHL)<br><br>Jointly Administered |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODS AND DISCLAIMER REGARDING DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") are filing their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***" and, with the Schedules, the "***Schedules and Statements***") in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: 180 Jamaica Corp. (7630); Amboy Bus Co., Inc. (2363); Atlantic Escorts, Inc. (8870); Atlantic Express Coachways, Inc. (2867); Atlantic Express New England, Inc. (4060); Atlantic Express of California, Inc. (5595); Atlantic Express of Illinois, Inc. (5759); Atlantic Express of LA, Inc. (1639); Atlantic Express of Missouri, Inc. (3116); Atlantic Express of New Jersey, Inc. (8504); Atlantic Express of Pennsylvania, Inc. (0330); Atlantic Express Transportation Corp. (4567); Atlantic Queens Bus Corp. (0276); Atlantic Paratrans of NYC, Inc. (1114); Atlantic Paratrans, Inc. (3789); Atlantic Transit, Corp. (5121); Atlantic- Hudson, Inc. (3439); Block 7932, Inc. (3439); Brookfield Transit, Inc. (8247); Courtesy Bus Co., Inc. (5239); Fiore Bus Service, Inc. (1233); Groom Transportation, Inc. (7208); G.V.D. Leasing, Inc. (0595); James McCarty Limo Services, Inc. (8592); Jersey Business Land Co. Inc. (3850); K. Corr, Inc. (4233); Merit Transportation Corp. (8248); Metro Affiliates, Inc. (0142); Metropolitan Escort Service, Inc. (9197); Midway Leasing, Inc. (7793); R. Fiore Bus Service, Inc. (3609);

the United States Bankruptcy Court for the Southern District of New York (the "**Court**"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methods and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements have been prepared by the Debtors' management and are unaudited and subject to further review and potential revision. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records as were available at the time of preparation. The Debtors' management and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors or omissions may exist. Notwithstanding any such discovery or new information, the Debtors shall not be required to update the Schedules and Statements.

**Global Notes Control**. In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

**Reservation of Rights**. Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or recharacterization of contracts, assumption or rejection of contracts under the provisions of Bankruptcy Code chapter 3 and/or causes of action arising under the provisions of Bankruptcy Code chapter 5 or any other relevant applicable laws to recover assets or avoid transfers.

**Description of the Case and "as of" Information Date**. On November 4, 2013 (the "**Petition Date**"), each of the Debtors filed a petition for relief with the Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On November 7, 2013, the Court granted joint administration of these cases pursuant to Bankruptcy Rule 1015(b). On November

---

Raybern Bus Service, Inc. (9412); Raybern Capital Corp. (6990); Raybern Equity Corp. (3830); Robert L. McCarthy & Son, Inc. (4617); Staten Island Bus, Inc. (6818); Temporary Transit Service, Inc. (0973); Atlantic Express of Upstate New York Inc. (1570); Transcomm, Inc. (4493); and Winsale, Inc. (2710). The Debtors' service address at Metro Affiliates, Inc.'s corporate headquarters is 7 North Street, Staten Island, NY 10302.

[2]   These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

2

13, 2013, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Committee**").

Unless specifically noted otherwise, all asset values are as of October 31, 2013, and all other amounts listed in the Schedules and Statements are as of the Petition Date.

**Corporate Structure**.  A description of the Debtors' corporate structure is set forth as Exhibit A to the Declaration of Nathan Schlenker, Pursuant to Local Bankruptcy Rule 1007-2, in Support of First Day Pleadings [ECF No. 11], which was filed on the Petition Date.

**Amendment**.  Although reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  Thus, the Debtors reserve all rights to amend or supplement their Schedules and Statements from time to time as may be necessary or appropriate.

**Basis of Presentation**.  For financial reporting purposes, the Debtors and certain of their non-debtor affiliates historically have prepared consolidated financial statements.  Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each Debtor on a non-consolidated basis. Accordingly, the totals listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

Although these Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("**GAAP**"), the Schedules and Statements neither purport to represent nor reconcile financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.  To the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent at the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

**Consolidated Accounts Payable and Disbursements System**.  The Debtors utilize consolidated accounts payable and disbursement systems in their day-to-day operations, the effect of which, in part, is that certain accounts payable and or payment detail is not readily available on a legal entity basis.  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve their right to modify or amend the Schedules and Statements to attribute such payable to a different legal entity, if appropriate. Payments made are listed by the entity making such payment notwithstanding that many such payments may have been made on behalf of another entity.

**Confidentiality**.  There may be instances within the Schedules and Statements where names, addresses or amounts have been left blank.  Due to concerns relating to confidentiality or privacy, the Debtors may have deemed it appropriate and necessary to avoid listing such names, addresses or amounts.  To the extent that certain addresses are withheld, the Debtors will make

105631196 v4

such address available upon reasonable request and agreement to enter into an appropriate confidentiality arrangement.

**Intercompany Claims and Transfers**.  Receivables and payables among the Debtors in these cases (each, an "***Intercompany Receivable***" or "***Intercompany Payable***") are reported in the Schedules.  To the extent a Debtor owes an Intercompany Payable, it is reported on Schedule F as a claim of such Debtor.  To the extent a Debtor has an Intercompany Receivable, it is reported on Schedule B16 as an asset of such Debtor.  While the Debtors have used reasonable efforts to ensure that the proper intercompany balances are attributed to each legal entity, all rights to amend these items on the Schedules and Statements are reserved.

Intercompany transfers can be characterized in many ways. The Debtors reserve all of their rights with respect to the intercompany balances listed in the analysis, including, but not limited to, the appropriate characterization of such intercompany balances and the amounts of such balances, which are still being identified by the Debtors.

The Debtors have listed all Intercompany Payables as unsecured non-priority claims on Schedule F for each applicable Debtor but reserve their rights, except as otherwise may be agreed to pursuant to a stipulation filed with the Court, to revise the characterization, classification, categorization or designation of such claims, including by designating all or any portion of the amounts listed as secured.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code.

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Recharacterization**.  The Debtors have made reasonable efforts to characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements correctly.   The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as may be necessary or appropriate as additional information becomes available, including, without limitation, whether contracts listed herein were executory as of the Petition Date or remain executor during the postpetition period and whether leases listed herein were unexpired as of the Petition Date or remain unexpired during the postpetition period.

**Consolidation of Certain Information**.  Information that is provided on a consolidated basis is specifically indicated in the applicable Schedules and Statements.   The listing of information on a consolidated basis is not, and should not be interpreted as, an admission or view as to the appropriateness of substantive consolidation.  The Debtors reserve all rights to amend or

105631196 v4

supplement their Schedules and Statements that reflect information on a consolidated basis to present such information on an unconsolidated basis as may be necessary and appropriate.

**Summary of Significant Reporting Policies**.

a)    **Current Market Value – Net Book Value**.  In many instances, current market valuations are neither maintained by nor readily available to the Debtors.  It would be prohibitively expensive and unduly burdensome to obtain current market valuations of the Debtors' property interests that are not maintained or readily available.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect the net book values as of November 4, 2013, rather than current market values, of the Debtors' assets as of the Petition Date and may not reflect the net realizable value.  For this reason, amounts ultimately realized will vary, at some times materially, from net book value.  Additionally, the amount of certain liabilities may be "unknown" or "undetermined" and thus, ultimate liabilities may differ materially from those states in the Schedules and Statements.

b)    **Liabilities**.  Unless otherwise indicated, all liabilities are listed as of November 4, 2013.

c)    **Paid Claims**.  Pursuant to certain first-day and second-day orders issued by the Court (collectively, the "***First Day Orders***"), the Court has authorized the Debtors to pay certain outstanding prepetition claims, such as certain employee wages and benefits claims, claims for taxes and fees, and utility claims.  Although not all claims previously paid pursuant to a First Day Order will be listed in the Schedules and Statements, certain of these claims that have been paid may appear in the Schedules and Statements.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent that such claims are paid pursuant to an order of the Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as necessary and appropriate.  To the extent that certain of the First Day Orders may preserve the rights of parties in interest to dispute any amounts paid pursuant to First Day Orders, nothing herein shall be deemed to alter such rights.

d)    **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products or services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

e)    **Leases**.  In the ordinary course of business, the Debtors lease property and equipment from third party lessors for use in the daily operation of their business.  Such obligations have been listed on Schedule F.  The underlying lease agreements are listed on Schedule G.  Nothing in the Schedules and Statements is or shall be construed to be an admission as to the determination of the legal status

105631196 v4

of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

**Excluded Assets and Liabilities**.  [The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements such as [goodwill], de minimis deposits, and certain accrued liabilities.  In addition, the Debtors have excluded accrued salaries and employee benefits for which the Debtors have been granted authority to pay pursuant to a First Day Order or other order that may be entered by the Court.  Other immaterial assets and liabilities may also have been excluded.

**Undetermined Amounts**.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

**Estimates**.  To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make estimates, allocations and assumptions that affect the reported amounts of assets and revenue and expenses as of the Petition Date.  The Debtors reserve all of their rights to amend the reported amounts of assets, revenue and expenses to reflect changes in those estimates and assumptions.

**Totals**.  All totals that are included in the Schedules represent totals of all known amounts included in the Debtors' books and records as of the Petition Date.  To the extent there are unknown or undetermined amounts, and to the extent the Debtors made postpetition payments on prepetition claims pursuant to the First Day Orders or other order of the Court, the actual total may be different than the listed total.

**Classifications**.  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured priority," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract, as appropriate.

**Claims Description**.  Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent" or "unliquidated."  The Debtors reserve all rights to dispute, or to assert any offsets or defenses to, any claim reflected on their respective Schedules on any grounds including, without limitation, amount, liability, validity, priority or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtors, and the Debtors reserve the right to amend the Schedules accordingly.

**Guarantees and Other Secondary Liability Claims**.  The Debtors have used their best efforts to locate and identify guarantees and other secondary liability claims (collectively, the "*Guarantees*") in their executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements.  The Debtors' review of their contracts in such regard is ongoing.  Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees.  The Debtors have placed Guarantee obligations on Schedule H for both the primary obligor and the guarantor of the

6

relevant obligation.  Such Guarantees were additionally placed on Schedule D or Schedule F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G.  Further, the Debtors believe that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  Thus, the Debtors reserve their rights to amend the Schedules to the extent that additional Guarantees are identified.  In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract, lease, claim or Guarantee.

**Causes of Action**.  Despite their efforts, the Debtors may not have listed all of their causes of action (filed or potential) against third parties as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any causes of action they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Schedule A – Real Property**.  To the extent the Debtors have any ownership or possessory interest(s) arising by operation of any executory lease or any other contract, or otherwise, such has not been reported on Schedule A.  The Debtors' failure to list any rights in real property on Schedule A should not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

**Schedule B – Personal Property**.  Personal property owned by any of the Debtors is listed in the Schedule B for that individual Debtor.  To the extent the Debtors have not been able to identify the actual physical location of certain personal property, the Debtors have reported the address of that individual Debtor's principal place of business.

Exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

Finally, unless otherwise noted, all information relating to accounts receivable is current as of October 31, 2013.

**Schedule D – Creditors Holding Secured Claims**.  Except as otherwise agreed pursuant to a stipulation and agreed order or general order entered by the Court that is or becomes final, the Debtors and/or their estates reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.

The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim; *provided*, *however*, that any such dispute or challenge shall be conducted in accordance with the terms of the Final Order Pursuant to §§ 105, 361, 362, 363, 364 and 507 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Debtors to Obtain Post-Petition Secured Financing with Priority over Certain Existing Secured Indebtedness and with Administrative SuperPriority, (II) Granting Liens, (III) Authorizing the

105631196 v4

Debtors to Use Cash Collateral and Providing for Adequate Protection and (IV) Modifying the Automatic Stay [ECF No. 190]. In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents and a determination of the creditors' compliance with applicable law is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

The claims listed on Schedule D arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or to have been incurred prior to the Petition Date.

Real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposit posted by, or on behalf of, the Debtors, or inchoate statutory lien rights.

Under the Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing the Debtors to Obtain Interim Post-Petition Secured Financing with Priority over Certain Existing Secured Indebtedness and with Administrative SuperPriority, (II) Granting Liens, (III) Authorizing the Debtors to Use Cash Collateral and Providing for Adequate Protection, (IV) Modifying the Automatic Stay and (V) Scheduling a Final Hearing, entered on November 8, 2013 [ECF No. 56], the Debtors obtained approval of debtor-in-possession financing. That amount is not reflected in the Schedules, as the Schedules reflect only amounts incurred as of the Petition Date.

**Schedule E – Creditors Holding Unsecured Priority Claims**. Listing a claim on Schedule E as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule E, including but not limited to claims in excess of $12,475 (as applicable), does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claim.

By Order dated December 2, 2013, the Court granted the Debtors final authority to pay or honor certain prepetition obligations for employee wages, salaries, bonuses and other compensation, reimbursable employee expenses and employee medical and similar benefits. The Debtors have not listed on Schedule E any wage or wage-related obligations for which the Debtors have been granted authority to pay pursuant to a First Day Order or other Order that may be entered by the Court. The Debtors believe that all such claims have been or will be satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the relevant First Day Order or other order that may be entered by the Court. Similarly, a First Day

105631196 v4

Order was entered with respect to tax claims and the Debtors have not listed on Schedule E any tax related obligations for which they were separately granted authority to pay.

The claims listed on Schedule E arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule E, however, appear to have arisen or to have been incurred prior to the Petition Date.

**Schedule F – Creditors Holding Unsecured Nonpriority Claims**. Listing a claim on Schedule F as "unsecured nonpriority" does not constitute an admission by the Debtors of any legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F does not constitute an unsecured nonpriority claim (including the right to assert that any such claim constitutes a secured or priority claim). Additionally, noting that a claim on Schedule F is "subject to setoff" does not constitute an admission by the Debtor of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule F is not subject to setoff or dispute any claim to such setoff.

The Debtors have attempted to relate all liabilities to each Debtor. However, due to the related nature of the Debtors' business, debts of one Debtor may be inadvertently listed on the Schedules of another. Readers of the Schedules should review all of the Debtors' Schedules for a complete understanding of the unsecured debts of the Debtors.

The Debtors may have certain rights of setoff and/or recoupment with respect to the claims set forth on Schedule F. The Debtors reserve all rights to challenge such setoff and/or recoupment rights asserted. Additionally, certain creditors may assert mechanic's, materialman's or other similar liens against the Debtors for amounts listed on Schedule F. The Debtors reserve their right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule F.

The claims listed on Schedule F arose or were incurred on various dates and a determination of each date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. All claims listed on Schedule F, however, appear to have arisen or to have been incurred prior to the Petition Date.

In certain circumstances, multiple Debtors may be jointly liable under certain agreements.

**Schedule G – Executory Contracts and Unexpired Leases**. Although reasonable efforts have been made to ensure the accuracy of Schedule G, which lists executory contracts and unexpired leases, the Debtors' review is ongoing and inadvertent errors, omissions, or over-inclusion may have occurred.

Any and all of the Debtors' rights, claims, and causes of action with respect to the contracts, agreements, and leases listed on Schedule G are hereby reserved and preserved, and, as such, the Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement such Schedule as necessary.

9

The placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid and enforceable contract. The Debtors hereby expressly reserve the right to assert that any claim listed on Schedule G does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code.

The Debtors may have entered into various other types of agreements in the ordinary course of their business, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements. Such documents may not be set forth in Schedule G. Moreover, the contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppels certificates, letters, or other documents, instruments, and agreements that may not be listed on Schedule G. Portions of some contracts and leases that are listed on Schedule G may have been fully performed, while other portions of the same contracts and leases may remain executory or unexpired.

Certain of the contracts, agreements, and leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract or unexpired lease.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedule. Further, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements. Such agreements, if any, are not set forth in Schedule G.

The Debtors have attempted to list the appropriate Debtor parties to each contract, agreement, and lease on Schedule G. However, there may be instances in which other Debtor entities that are not parties to the contracts, agreements, and leases have been the primary entities conducting business in connection with these contracts, agreements, and leases. Accordingly, the Debtors have listed certain contracts, agreements, and leases on Schedule G of the Debtor entity corresponding to the applicable contracting entity on which may, upon further review, differ from the primary entity conducting business with the counterparty to that particular contract, agreement, or lease. Additionally, certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.

105631196 v4

**Schedule H – Co-Obligors**.  Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions or inclusion may have occurred.  The Debtors hereby reserve all rights to dispute the validity, status or enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument related to a creditor's claim.  The listing of a contract, guarantee or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid or enforceable.

**Statements Question 2 – Other Income**.  From time to time, the Debtors may have de minimis income from sources other than the operation of business that is not provided in response to Statement Question 2.

**Statements Question 3(b) and (c) – Payments to Creditors**.  All amounts that remain outstanding to any creditor listed on Statement Question 3 are reflected on Schedules D, E, and F as applicable.  Any creditor wishing to verify any outstanding indebtedness should review those schedules.

Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the Debtor and its Debtor and non-Debtor affiliates.  These payments and transactions have not been listed.However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedules B16, D or F, as applicable.

The Debtor's response includes payments made to such creditors who are or were insiders only to the extent such payments were made during the time in which the creditor was an insider and only in that creditor's capacity as insider.

**Statements Question 23 – Distributions to an Insider**.  Certain intercompany transactions are accounted for through transfers of cash to and from appropriate bank accounts in and out of the Debtors' cash management system after certain adjustments are made to intercompany accounts receivable and accounts payable among the Debtor and its Debtor and non-Debtor affiliates.  These payments and transactions have not been listed.  However, readers of the Schedules and Statements wishing to verify any outstanding Intercompany Payables and Intercompany Receivables should refer to Schedules B16, D or F, as applicable.

The Debtor's response includes payments made to such creditors who are or were insiders only to the extent such payments were made during the time in which the creditor was an insider and only in that creditor's capacity as insider.

105631196 v4

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**Southern District of New York, New York**

In re: Metro Affiliates, Inc.                                              Case No. 13-13591 (SHL)

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $1,566,513.00 | | |
| B - Personal Property | YES | 15 | $12,871,838.05 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $163,423,683.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $138,324.19 | |
| G - Executory Contracts and Unexpired Leases | YES | 2 | | | |
| H - Codebtors | YES | 2 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **27** | **$14,438,351.05** | **$163,562,007.19** | |

B6A (Official Form 6A) (12/07)

**In re: Metro Affiliates, Inc.**                                                          **Case No. 13-13591 (SHL)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| Real properties located at and about 107 Lawson Boulevard, Oceanside, NY. | Fee Ownership | | $1,566,513.00 | $24,740,500.00 |
| | | Total | **$1,566,513.00** | |

(Report total also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

**In re: Metro Affiliates, Inc.**                                                                                    Case No. 13-13591 (SHL)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | $0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | $0.00 |

Subtotal (Total on this page)  $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                                    **Case No. 13-13591 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | $0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |

Subtotal (Total on this page)  |  **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                      **Case No. 13-13591 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | $0.00 |
| 7.  Furs and jewelry. | X | | | $0.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                                     Case No. 13-13591 (SHL)

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | See Schedule B9 Attachment | | $0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | $0.00 |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                                    **Case No. 13-13591 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | None | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | $0.00 |

Subtotal (Total on this page)  **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                                    Case No. 13-13591 (SHL)

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | $0.00 |
| 16.  Accounts Receivable. | | See Schedule B16 Attachment | | $12,871,838.05 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)      **$12,871,838.05**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                                                 **Case No. 13-13591 (SHL)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |

Subtotal (Total on this page)  **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**　　　　　　　　　　　　　　　　　　　　**Case No. 13-13591 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | $0.00 |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)　　　　**$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                         **Case No. 13-13591 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |
| 26.  Boats, motors, and accessories. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                                    **Case No. 13-13591 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27.  Aircraft and accessories. | X | | | $0.00 |
| 28.  Office equipment, furnishings, and supplies. | X | | | $0.00 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | $0.00 |

Subtotal (Total on this page)    **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                                                           **Case No. 13-13591 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30.  Inventory. | X | | | $0.00 |
| 31.  Animals. | X | | | $0.00 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | $0.00 |

Subtotal (Total on this page) | $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                                  **Case No. 13-13591 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 33.  Farming equipment and implements. | X | | | $0.00 |
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | $0.00 |

Subtotal (Total on this page)   **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Metro Affiliates, Inc.**                                            **Case No. 13-13591 (SHL)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$12,871,838.05** |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

**In re: Metro Affiliates, Inc.**
**Case No. 13-13591**
Schedule B9
Personal Property - Interests in insurance policies

| Insurer | Policy Number | Beneficiary | Insured party | Face value | Cash surrender value |
|---|---|---|---|---|---|
| Ace American Insurance Co. | Directors and Officers Excess Liability Policy No. DOX G25638608 002, Policy Period 3/31/13-3/31/14 | | | $0.00 | $0.00 |
| Lexington Insurance Company | Umbrella Liability Policy No. 043732467, Policy Period 3/1/13-3/1/14 | | | $0.00 | $0.00 |
| Lexington Insurance Company | Propety Insurance Policy No. 084144236, Policy Period 3/1/13-3/1/14 | | | $0.00 | $0.00 |
| National Union Fire Insurance Company of Pittsburgh, PA | Crime Policy No.  01-840-97-40, Policy Period  3/31/13-3/31/14 | | | $0.00 | $0.00 |
| National Union Fire Insurance Company of Pittsburgh, PA | General Liability Policy No. GL 337-24-19, Policy Period 3/1/13-3/1/14 | | | $0.00 | $0.00 |
| National Union Fire Insurance Company of Pittsburgh, PA | Directors and Officers Liability Policy No. 09-189-43-40, Policy Period 10/19/09-10/19/15 | | | $0.00 | $0.00 |
| U.S. Specialty Insurance Company | Directors and Officers Liability Policy No. 14-MGU-13-A28944, Policy Period 3/31/13-3/31/14 | | | $0.00 | $0.00 |

**In re: Metro Affiliates, Inc.**

**Case No. 13-13591**

Schedule B16

Personal Property - Accounts receivable

| Company | Type of receivable | Receivable balance |
|---|---|---|
| Atlantic Express Transportation Corp. | Intercompany | $12,871,838.05 |
| | **TOTAL:** | **$12,871,838.05** |

B6D (Official Form 6D) (12/07)

In re: **Metro Affiliates, Inc.**                                        Case No. 13-13591 (SHL)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| See Schedule D Attachment | | | | | | | $163,423,683.00 | |

| | | |
|---|---|---|
| Subtotal(s) (Total(s) on this page) | **$163,423,683.00** | **$0.00** |
| Total(s) (Use only on last page) | **$163,423,683.00** | **$0.00** |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

In re: Metro Affiliates, Inc.

**Case No. 13-13591**

Schedule D

Creditors Holding Secured Claims

| Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Codebtor | Date claim was incurred, nature of lien and description and value of property subject to lien | Contingent | Unliquidated | Disputed | Amount of claim without deducting value of collateral | Unsecured portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| The Bank of New York Mellon, as Trustee | | 101 Barclay Street - 4W | | | New York | NY | 10286 | | x | 10.5% Senior Secured Notes due 2017, secured by motor vehicles | | | | $155,423,683.00 | |
| Wells Fargo Bank, N.A., as Agent | | 100 Park Avenue | 14th Floor | | New York | NY | 10017 | | x | LOAN #1IN13 TR Supplemental Loan/Credit Facility | | | | $8,000,000.00 | |
| | | | | | | | | | | | | | TOTAL | $163,423,683.00 | |

B6E (Official Form 6E) (04/13)

**In re: Metro Affiliates, Inc.**                                                                    **Case No. 13-13591 (SHL)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIM  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) - Cont.

**In re: Metro Affiliates, Inc.**                                                      **Case No. 13-13591 (SHL)**

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6E (Official Form 6E) (04/13) - Cont.

**In re: Metro Affiliates, Inc.**                                        **Case No. 13-13591 (SHL)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | | |
| | | | Subtotals (Totals on this page): | | | | **$0.00** | **$0.00** | **$0.00** |
| | | | Total: (Report also on the Summary of Schedules) | | | | **$0.00** | | |
| | | | Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | | | | **$0.00** | **$0.00** |

B6F (Official Form 6F) (12/07)

In re: **Metro Affiliates, Inc.**                                                                                           Case No. 13-13591 (SHL)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| See Schedule F Attachment | | | | | | | $138,324.19 |
| | | | | Subtotal (Total on this page) | | | **$138,324.19** |
| | | | | Total | | | **$138,324.19** |
| | | | (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | |

In re: Metro Affiliates, Inc.
Case No. 13-13591
Schedule F
Creditors Holding Unsecured Claims

| Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Date claim was incurred and consideration for claim | Subject to setoffs Y/N | Contingent | Unliquidated | Disputed | Total amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KING SALAMON | | 61-B SOUTH 8TH STREET #2F | | | BROOKLYN | NY | 11211 | | STANDARD | | | | | $20,327.31 |
| STAPLES ADVANTAGE | | DEPT NY PO BOX 415256 | | | BOSTON | MA | 02241-5256 | | PRIORPARTS | | | | | $24,954.54 |
| THE WEEKS LERMAN GROUP, LLC | | 58-38 PAGE PLACE | | | MASPETH | NY | 11378-2288 | | STANDARD | | | | | $7,441.39 |
| UPS | | P.O. BOX 7247-0244 | | | PHILADELPHIA | PA | 19170-0001 | | POSTAGE | | | | | $2,559.28 |
| UPS | | P.O. BOX 894820 | | | LOS ANGELES | CA | 90189-4820 | | POSTAGE | | | | | $535.99 |
| W.B. MASON CO, INC | | PO BOX 981101 | | | BOSTON | MA | 02298-1101 | | STANDARD | | | | | $1,007.32 |
| W.J. MONTE, INC | | 43 VINEYARD COURT | | | MONROE | NJ | 08831 | | PRIORPARTS | | | | | $81,498.36 |
| | | | | | | | | | | | | | TOTAL | $138,324.19 |

B6G (Official Form 6G) (12/07)

**In re: Metro Affiliates, Inc.**                                                          **Case No. 13-13591 (SHL)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| See Schedule G Attachment | |

In re: Metro Affiliates, Inc.

Case No. 13-13591

Schedule G

Executory Contracts and Unexpired Leases

| Name of other parties to lease or contract | Address 1 | Address 2 | City | State | Zip | Country | Description of contract or lease and nature of debtor's interest. State whether lease is of nonresidential real property. State contract number of any government contract. |
|---|---|---|---|---|---|---|---|
| A. Condoleo Properties, Inc. | 21 Talfor Rd | | East Rockaway | NY | 11518 | | Debtor is licensee of property adjacent to real estate at Brown Court, Oceanside, NY. License dated 11-20-03, as amended. Expires when "obstruction" is removed. |
| American Southern Insurance Companies and various affiliates of the Debtor | 3715 Northside Parkway | Building 400, 8th Floor | Atlanta | GA | 30327 | | General Agreement of Indemnity, dated March 11, 2004, for performance bonds |
| Courtesy Bus Co., Inc. | 7 North Street | | Staten Island | NY | 10302 | | Real Property Sublease to Coutesy Bus Co., Inc. for 107 and 3250 Lawson Blvd, Oceanside, NY, dated January 1, 2012. |
| KING SALAMON | 61-B SOUTH 8TH STREET #2F | | BROOKLYN | NY | 11211 | | OFFICE SUPPLIES/JANITORIAL SUPPLIES |
| NGM Insurance Company and various other affiliates of Debtor | 55 West Street | | Keene | NH | 03431 | | Agreement of Indemnity, dated October 18, 2007, for performance bonds |
| OFFICEMAX INCORPORATED | 75 REMITTANCE DR #2698 | | CHICAGO | IL | 6075-2698 | | OFFICE SUPPLIES/JANITORIAL SUPPLIES |
| POSTMASTER | OCEANSIDE POST OFFICE | 80 ATLANTIC AVENUE | OCEANSIDE | NY | 11572 | | MAILING SYSTEM |
| STAPLES ADVANTAGE | DEPT NY PO BOX 415256 | | BOSTON | MA | 02241-5256 | | OFFICE SUPPLIES/JANITORIAL SUPPLIES |
| THE WEEKS LERMAN GROUP, LLC | 58-38 PAGE PLACE | | MASPETH | NY | 11378-2288 | | OFFICE SUPPLIES/JANITORIAL SUPPLIES |
| UPS | P.O. BOX 894820 | | LOS ANGELES | CA | 90189-4820 | | MAILING SYSTEM |
| UPS | P.O. BOX 7247-0244 | | PHILADELPHIA | PA | 19170-0001 | | MAILING SYSTEM |
| W.B. MASON CO, INC | PO BOX 981101 | | BOSTON | MA | 02298-1101 | | OFFICE SUPPLIES/JANITORIAL SUPPLIES |
| W.J. MONTE, INC | 43 VINEYARD COURT | | MONROE | NJ | 08831 | | OFFICE SUPPLIES/JANITORIAL SUPPLIES |

B6H (Official Form 6H) (12/07)

**In re: Metro Affiliates, Inc.**                                                    **Case No. 13-13591 (SHL)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☑ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| See Schedule H Attachment | |

In re: Metro Affiliates, Inc.
Case No. 13-13591
Schedule H
Codebtors

| Name of codebtor | Address 1 | Address 2 | City | State | Zip | Name of creditor | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 180 Jamaica Corp. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Amboy Bus Co., Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Escorts, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express Coachways, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express New England, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express of California, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express of Illinois, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express of LA, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express of Missouri, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express of New Jersey, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express of Pennsylvania, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express of Upstate New York Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Express Transportation Corp. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Paratrans of NYC, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Paratrans, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Queens Bus Corp. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic Transit, Corp. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Atlantic-Hudson, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Block 7932, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Brookfield Transit, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Courtesy Bus Co., Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Fiore Bus Service, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| G.V.D. Leasing, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Groom Transportation, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| James McCarty Limo Services, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Jersey Business Land Co. Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| K. Corr, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Merit Transportation Corp. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Metropolitan Escort Service, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Midway Leasing, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| R. Fiore Bus Service, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Raybern Bus Service, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Raybern Capital Corp. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Raybern Equity Corp. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Robert L. McCarthy & Son, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Staten Island Bus, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Temporary Transit Service, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Transcomm, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |
| Winsale, Inc. | 7 North Street | | Staten Island | NY | 10302 | Wells Fargo Bank, N.A., as Agent | 100 Park Avenue | 14th Floor | New York | NY | 10017 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK, NEW YORK**

**In re: Metro Affiliates, Inc.**                                                    **Case No. 13-13591 (SHL)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, David Carpenter, CEO of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 40 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date  12/18/2013
_____          Signature: ___/ s / David Carpenter_____

                                                                              **David Carpenter**

                                                                              **CEO**

-----------------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**