**Hearing Date: April 29, 2014 at 11:00 a.m.**

Palermo, Palermo & Tuohy, P.C.
1300 Veterans Memorial Hwy., Suite 320
Hauppauge, New York 11788
Tel 631-265-1051
Fax 631-265-9157
Email: amaragno@maragnolaw.com
Anthony M. Maragno, Esq., Of Counsel

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re METRO AFFILIATES, INC.

                                       Chapter 11
                                       Case No.: 13 – 13591 (SHL)
                                       Jointly Administered

                       Debtors

-----------------------------------------------------------X

**<u>NOTICE OF HEARING ON THE MOTION OF DENNIS SCHEELE
TO MODIFY AUTOMATIC STAY</u>**

**PLEASE TAKE NOTICE THAT** on the 29th day of April, 2014 at 11:00 a.m., or as soon thereafter as counsel may be heard, a hearing (the "Hearing") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 701, New York, New York, 10004, to consider the motion (the "Motion") of DENNIS SCHEELE dated March 12, 2014 for an Order:

    (1)    Under 11 U.S.C. § 362(d)(1), granting Dennis Scheele relief from the automatic stay against Atlantic Paratrans of NYC, Inc., Atlantic Paratrans, Inc. and Atlantic Express Transportation Corp., three of the debtors in the jointly administered case herein, to proceed with the prosecution of his personal injury action pending in New York State Supreme Court, Kings County, under Index Number 19585/10; and

1

(2)  For such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be made in writing, shall state with particularity the grounds for the objections, and shall be filed with the Bankruptcy Court, with a courtesy copy delivered to the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Judge, and served on the undersigned counsel for movant so as to be received at least seven days before the Hearing. Only those objections that have been timely filed and served may be considered by the Court at the Hearing.

Filings in the Bankruptcy Court are governed by rules of the Court requiring Electronic Filing. If you are not familiar with these requirements, please contact the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Court may grant the relief requested in the motion without a hearing if no objections to the Motion are timely filed and served.

Dated: New York, New York
       March 12, 2014

PALERMO, PALERMO & TUOHY, P.C.

_____
Anthony M. Maragno, Esq.
*Of Counsel*
Attorneys for DENNIS SCHEELE
1300 Veterans Memorial Hwy., Suite 320
Hauppauge, New York  11788
Tel: (631) 265-1051
Fax: (631) 265-9157
Email: amaragno@maragnolaw.com

**Hearing Date: April 29, 2014 at 11:00 a.m.**

Palermo, Palermo & Tuohy, P.C.
1300 Veterans Memorial Hwy., Suite 320
Hauppauge, New York 11788
Tel 631-265-1051
Fax 631-265-9157
Email: amaragno@maragnolaw.com
Anthony M. Maragno, Esq, Of Counsel

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re METRO AFFILIATES, INC.

                                           Chapter 11
                                           Case No.: 13 – 13591 (SHL)
                                           Jointly Administered
                      Debtors

-----------------------------------------------------------X

## MOTION BY DENNIS SCHEELE FOR
## RELIEF FROM AUTOMATIC STAY

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

      Dennis Scheele, by and through his attorneys, PALERMO, PALERMO & TUOHY, P.C., as and for his application for Relief from the Automatic Stay, respectfully represents as follows:

### I.    PRELIMINARY STATEMENT

      This motion (the "Motion") is for relief from the automatic stay to permit Dennis Scheele ("Scheele") to continue his personal injury action (the "Personal Injury Action") against Atlantic Paratrans of NYC, Inc., Atlantic Paratrans, Inc. and Atlantic Express Transportation Corp. (collectively, the "Debtors"), which are three of the debtors in the jointly administered cases herein. A proposed order substantially in the form of the relief requested is annexed hereto as *Exhibit "A"*.

1

Scheele is entitled to this relief for the following reasons:

(a) Scheele's Personal Injury Action that has been stayed is already on the trial calendar in New York State Supreme Court, Kings County;

(b) There are numerous defendants in the Personal Injury Action, almost all of which are not parties to these Chapter 11 cases and are not before this Court;

(c) The continuation of the Personal Injury Action should not affect the Debtors' cases as Scheele has been informed that damages due from the Debtors are covered by an insurance policy with limits of $3 million and that the deductible under the insurance policy is required to be paid by the New York City Transit Authority (hereinafter "NYCTA").

## II.    JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the Motion under 28 U.S.C. § 157 and 28 U.S.C. § 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges for the Southern District of New York, dated July 10, 1984 (Ward, acting CJ). Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

2. Venue is proper in this district under 28 U.S.C. § 1408 and 28 U.S.C. § 1409.

3. The statutory predicate for the relief requested is 11 U.S.C. § 362(d)(1).

## III.    FACTUAL AND PROCEDURAL BACKGROUND

4. On or about August 6, 2010, Scheele filed an action (the "Personal Injury Action") in the Supreme Court of the State of New York, Kings County, under Index Number 19585/10.

5.  Atlantic Paratrans of NYC, Inc., Atlantic Paratrans, Inc. and Atlantic Express Transportation Corp. are defendants in the Personal Injury Action.

6.  In the Personal Injury Action, plaintiff seeks monetary damages for the serious physical injuries that he sustained as a result of the Debtors' negligence.

7.  More specifically, the verified complaint (the "Complaint") in the Personal Injury Action alleges, in part, that on April 26, 2008 the Debtors, and their employee Rosemary Colon, negligently operated a motor vehicle on a public highway by causing it to strike a construction barricade, which in turn struck Scheele and caused him to suffer permanent and serious physical injuries.

8.  Each of the Debtors appeared in the Personal Injury Action through service of an answer to the Complaint.

9.  The Complaint also alleges that Scheele is entitled to recover against several other defendants under the New York State Labor Law for their failure to provide Scheele with a safe place to work at the construction site where he was injured.

10. By Order of the Supreme Court dated January 6, 2011 (Hon. Herbert Kramer), the Personal Injury Action was consolidated with another action. The defendants in the Personal Injury Action now include the following: Rosemary Colon, Atlantic Express Transportation Group Inc., Atlantic Express Transportation Corp., Atlantic Paratrans, Inc., Atlantic Paratrans Of NYC, Inc., Atlantic Paratransit, Inc., Atlantic Paratransit Of N.Y.C., Inc., RCP - East, LLC, Royal Charter Properties, Inc., Royal Charter Properties-East, Inc., Royal Charter Properties-First Avenue, Inc., The New York And Presbyterian Hospital, Bovis Lend Lease, Inc., Bovis Lend Lease Holdings, Inc., Bovis Lend Lease Interiors, Inc., Bovis Lend Lease LMB, Inc., Empire Erectors And Electrical Co., Inc., and Universal Builders Supply, Inc.

11. Through responses to Notices to Admit in the Personal Injury Action, Atlantic Paratrans of NYC, Inc. admitted that at the time of the accident it was the lessee of the motor vehicle (the "Vehicle") involved in the accident and that Rosemary Colon was operating the Vehicle as its employee.

12. Upon information and belief, the source being a contract and lease disclosed by counsel for the Debtors in the Personal Injury Action, and the deposition testimony of Ms. Colon's supervisor in the Personal Injury Action, the Vehicle was leased to Atlantic Paratrans of NYC, Inc. by the NYCTA.

13. An extensive amount of discovery took place during the more than three years that the Personal Injury Action has been pending.

14. This discovery included six depositions, the production of more than three hundred pages of contract documents for the construction project, and numerous authorizations concerning Scheele's medical treatment related to his injuries and his earnings' history.

15. Although state court procedures do not provide for the depositions of experts, plaintiff has disclosed to defendants a detailed expert witness disclosure for his expert in construction site safety, and an expert witness disclosure and report for his experts in economics and physical medicine and rehabilitation.

16. There have been seven court orders concerning discovery or summary judgment motions.

17. At the time the Debtors' filed their bankruptcy Petitions, the Personal Injury Action was already on the trial calendar.

18.     During the pendency of the Personal Injury Action, counsel for the Debtors disclosed liability insurance coverage for Atlantic Paratrans of NYC, Inc. The disclosure states, in part, as follows:

> On the date of the alleged accident, Rosemary Colon and Atlantic Paratrans of N.Y.C., Inc. were insured under a policy issued by Discovery Property & Casualty Insurance Company ... with limits of $3 million. The policy contains a $1 million self insured retention/deductible"

19.     On or about November 4, 2013, the Debtors filed voluntary Petitions for Chapter 11 bankruptcy in this Court.

20.     On November 7, 2013, the Court issued an Order directing the joint administration of the Debtors' cases.

21.     Under 11 U.S.C. § 362(a), an automatic stay for the Personal Injury Action went into effect as a result of the Debtors' Petitions, which precludes plaintiff from the further prosecution of the Personal Injury Action without relief from this Court.

22.     At the time of the filing of the Petitions, discovery was complete in the Personal Injury Action and the action was on the trial calendar.[1]

23.     Scheele filed Proofs of Claim in these cases on or about January 31, 2014.

## IV.     THE AUTOMATIC STAY SHOULD BE LIFTED

24.     Under 11 U.S.C. § 362(d)(1), Scheele requests that the Court issue an order to lift the automatic stay to allow him to continue prosecuting the Personal Injury Action.

25.     Pursuant to § 362(d) of the Bankruptcy Code, "On request of a party-in-interest and after notice and a hearing, the court shall grant relief from the stay provided under

---

[1] A motion filed by a co-defendant to strike the case from the trial calendar on the grounds that discovery is not complete is pending, but the hearing for the motion is stayed as a result of the Debtors' filing of their bankruptcy petitions. Scheele has opposed the motion.

5

subsection (A) of this section, such as by terminating, annulling, modifying or conditioning such stay- (1) for cause, including lack of adequate protection of an interest in property of such party in interest." See 11 U.S.C. § 362(d)(1). The burden of proof on a motion to modify the automatic stay is a shifting one. Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g)(2) shifts the burden of proof to the debtor for all issues other than the debtor's equity in the property.

26.     11 U.S.C. § 362(d)(1) requires the bankruptcy court to grant relief from the automatic stay for cause. "Neither the statute nor the legislative history defines the term 'for cause' and the legislative history gives only very general guidance." *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990). Thus, the "facts of each request will determine whether relief is appropriate under the circumstances." *In re Sonnax Industries, Inc.*, 907 F.2d at 1286.

27.     This Court has held that "cause" under Section 362 encompasses many different situations. *In re Syndicom Corp.*, 268 B.R. 26, 48 (Bankr. S.D.N.Y. 2001).

28.     The Second Circuit, in its decision in *Sonnax*, held that the following twelve factors are to be considered when determining whether to modify a stay to permit litigation against the debtor to proceed in another forum:

> (1)     Whether the relief will result in partial or complete resolution of the issues;
>
> (2)     The lack of any connection with or interference with the bankruptcy case;
>
> (3)     Whether the foreign proceeding involves the debtor as a fiduciary;
>
> (4)     Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
>
> (5)     Whether the debtor's insurer has assumed full financial responsibility for defending the action;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) The interests of judicial economy and the expeditious and economical resolution of litigation;

(11) Whether the parties are ready for trial in the other proceeding; and

(12) The impact of the stay on the parties and the balance of the harms.

*Sonnax*, 907 F.2d at 1286; *see also, In re Burger Boys, Inc.*, 183 B.R. 682, 687-688 (S.D.N.Y. 1994), citing *In re Curtis*, 40 B.R. 795 (Bankr.D.Utah 1984).

29. Not all of the *Sonnax* factors will be relevant in every case. *See, In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999); *see also, In re Marketxt Holdings, Corp.*, 428 B.R. 579, 586 (S.D.N.Y. 2010).

30. Application of the *Sonnax* factors to the facts of this case warrants an order lifting the stay:

(1) Lifting the Stay will result in a complete liquidation of the claims by Scheele against the estates without any further involvement from this Court.

(2) The Personal Injury Action is basically unrelated to this case and allowing the Personal Injury Action to proceed in state court will not interfere or affect the proceedings in the Chapter 11.

(3) The Debtors are not involved as fiduciaries.

7

(4) The resolution of Scheele's claims in State Supreme Court will allow that court to determine the required issues under the New York State Labor Law, which do not relate to or affect the Debtors.

(5) With respect to the fifth factor, namely, whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation, counsel for the Debtors in the Personal Injury Action disclosed that debtor Atlantic Paratrans of NYC, Inc., which was the driver's employer at the time of the accident, was and is covered by a policy of insurance with Discovery Property & Casualty Insurance Company. Based upon this disclosure, it appears that there is a source to cover the cost of defending the action and liability insurance coverage of $3 million for Atlantic Paratrans of NYC, Inc. Further, although the disclosure also states that the "policy contains a $1 million self insured retention/deductible", upon information and belief, any such deductible would be payable by the NYCTA.

(6) As noted above, there are numerous defendants other than the Debtors in the Personal Injury Action. Maintaining the stay in effect adversely affects all of the parties to the Personal Injury Action that are not parties to this case.

(7) As it appears that there is an insurance policy to pay for cost of defense and damages and that any deductible will be paid by the NYCTA, allowing the continuation of the Personal Injury Action in New York Supreme Court will not prejudice the interests of other creditors in the Debtors' cases.

(8) There is no reason that any judgment in the Personal Injury Action would be subject to equitable subordination.

(9) Scheele's success in the Personal Injury Action should not result in a judicial lien that would be avoidable by the Debtors.

(10) Granting relief from the stay will further the interests of judicial economy and the expeditious and economical resolution of litigation. As there are numerous defendants who are not before this Court, and as there are cross claims, if relief is not granted, there would be extensive waste of judicial efforts and resources as it could require multiple proceedings over the same or similar issues in different venues. Additionally, the Court should bear in mind that as this is a personal injury action, pursuant to 28 U.S.C. § 157(b)(5), the District Court is required to preside over any trial.

(11) The parties are ready for trial in the State court. Although a trial date has not yet been set, discovery is complete and the action is on the trial calendar.

(12) The continuance of the stay severely and adversely impacts and injures Scheele as he suffered severe injuries as a result of the accident. In his expert report or affirmation concerning his examination of Scheele, a physician Board certified in physical medicine and rehabilitation stated that Scheele has suffered severe neurologic injuries as a result of the accident. Specifically, Scheele's expert states that these injuries include cervical and lumbar spine derangements such as "disc bulges and herniations", and a "radiculopathy" causing "interruption in the proper function of nerve roots in the lumbar and cervical spine, with concomitant severe pain, substantially impaired range of motion, and decreased strength to his upper extremities." This physician also states that Scheele's "impairments are permanent", and have resulted in a "permanent loss of his ability to work" and "engage in many of his previously favored activities." Further, in his report plaintiff's expert in economics states that plaintiff's economic loss, including future lost earnings and the cost of future medical treatment and therapies for his injuries, substantially exceed $3 million  A copy of the physician report and affirmation, and the economist's report, are contained within

Scheele's expert witness disclosure, a copy of which can be provided if the Court would like to review it. The balance of the harms also overwhelmingly favor the lifting of the stay. The Debtors do not gain anything by the continuation of the stay and are not injured by a lifting of the stay.

31.    Accordingly, all of the factors in *Sonnax* favor granting the relief requested by Scheele.

32.    In *In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111 (Bankr. D.N.J. 2003), the New Jersey Bankruptcy Court granted the plaintiff's motion to vacate the automatic stay for its breach of contract action pending in state court. In that case, the Bankruptcy Court noted that at the time the debtor filed a Chapter 11 bankruptcy petition, "the paper discovery exchanged between the parties [was] voluminous", there were "proposed draft schedules for depositions and for the exchange of expert reports", "the parties [were] awaiting approval of the proposed schedules by either the Discovery Master or the state court", and there were four motions pending in state court. *In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. at 118.

33.    The Mid-Atlantic court also wrote the following in support of its holding:

> Permitting the state court litigation to proceed will result in a complete resolution of the issue of [the debtor's] alleged liability to [plaintiff]. Further, the record before the Court suggests that permitting the state court action to proceed would not prejudice [the debtor's] creditors since resolution of the issues before the state court must be addressed and damages, if any, fixed so that the extent of creditors' claims are known. Finally, for the reasons previously articulated, and based upon the circumstances of this case, the notion of judicial economy compels this Court to conclude that the stay should be lifted so as to permit the litigation to proceed in state court. Simply stated, the substantial time, effort, and resources already expended by the parties ... in moving this case closer to trial should not be interfered with by this Court.

*In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. at 130 – 131.

34. Similarly, in *In re Blan*, 237 B.R. 737 (B.A.P. 8th Cir. 1999), the Appellate Panel affirmed the Bankruptcy Court's decision to vacate the stay to permit the plaintiff to go forward with state court litigation against the debtor. In its decision, the Court noted that "[a]t the time of the bankruptcy filing, the parties had engaged in substantial written discovery, but had not yet taken any depositions." *In re Blan*, 237 B.R. at 738. Further, the Eighth Circuit BAP determined that "[t]he Bankruptcy Court properly assessed each of these standards giving weight to its lack of jurisdiction over the co-defendants, the duplication that would result from trying the co-defendants separately, the status of the discovery, the state law basis for the claims, and the location of the witnesses and documents." *In re Blan*, 237 B.R. at 738.

35. As the parties in Scheele's Personal Injury Action have completed extensive discovery before the imposition of the automatic stay, the facts presented on this motion invoke the same concerns identified in the decisional law cited above. Scheele's Personal Injury Action is even further advanced than the underlying actions for the decisions in *In re Mid-Atlantic Handling Systems, LLC* and *In re Blan*, insofar as discovery is complete and it is already on the trial calendar.

36. Thus, Scheele should be granted the requested relief from the automatic stay.

## V. PRAYER FOR RELIEF

37. For the foregoing reasons, Scheele respectfully requests that the Court enter an order granting Scheele relief from the automatic stay to allow Scheele to continue prosecuting the Personal Injury Action venued in New York State Supreme Court, Kings County, and for such further relief as the Court deems just and proper.

Dated: New York, New York
       March 12, 2014

                                        PALERMO, PALERMO & TUOHY, P.C.

                                        Anthony M. Maragno, Esq.
                                        Of Counsel
                                        Attorneys for DENNIS SCHEELE
                                        1300 Veterans Memorial Hwy., Suite 320
                                        Hauppauge, New York  11788
                                        Tel: (631) 265-1051
                                        Fax:  (631) 265-9157
                                        Email: amaragno@maragnolaw.com

# EXHIBIT "A"

*Proposed Order*

Palermo, Palermo & Tuohy, P.C.
1300 Veterans Memorial Hwy., Suite 320
Hauppauge, New York 11788
Tel 631-265-1051
Fax 631-265-9157
Email: amaragno@maragnolaw.com
Anthony M. Maragno, Esq, Of Counsel

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re METRO AFFILIATES, INC.

                                                                             Chapter 11
                                                                             Case No.: 13 – 13591 (SHL)
                                                                             Jointly Administered
                           Debtors

------------------------------------------------------------X

### ORDER GRANTING MOTION OF DENNIS SCHEELE FOR RELIEF FROM THE AUTOMATIC STAY

Upon the Motion of Dennis Scheele dated March 12, 2014 for entry of an order granting Dennis Scheele relief from the automatic stay against Atlantic Paratrans of NYC, Inc., Atlantic Paratrans, Inc. and Atlantic Express Transportation Corp., three of the debtors in the jointly administered case herein, to proceed with the prosecution of his personal injury action pending in New York State Supreme Court, Kings County, under Index Number Index No. 19585/10; after the Court having conducted a Hearing on the Motion on April 29, 2014; after consideration of the Motion, any objections or responses to the Motion that were filed, and the arguments and representations set forth by counsel at the Hearing; the Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; it appearing that the relief requested herein being a core proceeding under 28 U.S.C. § 157(b); it appearing that venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; notice of the Motion appearing to be adequate and

1

appropriate under the circumstances; any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED that:

1. The Motion is granted; and

2. The automatic stay is lifted to the extent of permitting Dennis Scheele to pursue his personal injury action against Atlantic Paratrans of NYC, Inc., Atlantic Paratrans, Inc. and Atlantic Express Transportation Corp. in New York State Supreme Court, Kings County, under Index Number Index No. 19585/10, including proceeding in court, arbitration, mediation or settlement.

Dated:

                                            Hon. Sean H. Lane
                                            United States Bankruptcy Judge