AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel:   (212) 872-1000
Fax:   (212) 872-1002
Lisa G. Beckerman
Rachel Ehrlich Albanese

AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel:   (202) 887-4000
Fax:   (202) 887-4288
Scott L. Alberino (Admitted Pro Hac Vice)

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>METRO AFFILIATES, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-13591 (SHL)<br><br>Jointly Administered |

**NOTICE OF HEARING ON THE DEBTORS'**
**EIGHTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**
**(Employee Backpay Claims)**

**TO THE CLAIMANTS IDENTIFIED ON <u>SCHEDULE 1</u> TO <u>EXHIBIT A</u> TO THIS OBJECTION:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: 180 Jamaica Corp. (7630); Amboy Bus Co., Inc. (2363); Atlantic Escorts, Inc. (8870); Atlantic Express Coachways, Inc. (2867); Atlantic Express New England, Inc. (4060); Atlantic Express of California, Inc. (5595); Atlantic Express of Illinois, Inc. (5759); Atlantic Express of LA, Inc. (1639); Atlantic Express of Missouri, Inc. (3116); Atlantic Express of New Jersey, Inc. (8504); Atlantic Express of Pennsylvania, Inc. (0330); Atlantic Express Transportation Corp. (4567); Atlantic Queens Bus Corp. (0276); Atlantic Paratrans of NYC, Inc. (1114); Atlantic Paratrans, Inc. (3789); Atlantic Transit, Corp. (5121); Atlantic-Hudson, Inc. (3439); Block 7932, Inc. (3439); Brookfield Transit, Inc. (8247); Courtesy Bus Co., Inc. (5239); Fiore Bus Service, Inc. (1233); Groom Transportation, Inc. (7208); G.V.D. Leasing, Inc. (0595); James McCarty Limo Services, Inc. (8592); Jersey Business Land Co. Inc. (3850); K. Corr, Inc. (4233); Merit Transportation Corp. (8248); Metro Affiliates, Inc. (0142); Metropolitan Escort Service, Inc. (9197); Midway Leasing, Inc. (7793); R. Fiore Bus Service, Inc. (3609); Raybern Bus Service, Inc. (9412); Raybern Capital Corp. (6990); Raybern Equity Corp. (3830); Robert L. McCarthy & Son, Inc. (4617); Staten Island Bus, Inc. (6818); Temporary Transit Service, Inc. (0973); Atlantic Express of Upstate New York Inc. (1570); Transcomm, Inc. (4493); and Winsale, Inc. (2710).  The Debtors' service address at Metro Affiliates, Inc.'s corporate headquarters is 7 North Street, Staten Island, NY 10302

The above-captioned debtors and debtors-in-possession (collectively, the "***Debtors***")[2] provide you with this notice of the objection to claim(s) pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

You have filed one or more proofs of claim (each, a "***Claim***") in the Debtors' chapter 11 cases to which the Debtors have filed an objection (the "***Objection***"). **Your Claim (a "*Disputed Claim*") will be affected as a result of the Objection. Therefore, you should read this notice and the enclosed Objection carefully.**

The Debtors' representatives will be available to discuss and potentially resolve the Objection to your Disputed Claim without the need for you to file a response or attend a hearing. Factual inquiries regarding the Objection and your Disputed Claim may be directed to the Debtors' Restructuring Hotline at (877) 726-6508 within 14 calendar days after the date on which this notice was served. Legal matters, however, will be referred to the Debtors' attorneys. When you contact the hotline, please have your proof(s) of claim available. Your discussions with the Debtors' personnel or the Debtors' attorneys may result in an agreement to settle the Objection. If you do not reach an agreement with the Debtors to settle the Objection with respect to your Claim before **May 29, 2014 at 4:00 p.m.** (prevailing Eastern Time) (the "***Response Deadline***"), you must file a response in compliance with the procedures set forth below. **Speaking with the Debtors' personnel or the Debtors' attorneys will not satisfy the requirement that you must reach an agreement before the Response Deadline or file a response and attend the hearing on the Objection, as discussed below.**

If you disagree with the Objection and are unable or unwilling to consensually resolve the Objection with respect to your Claim with the Debtors before the Response Deadline, you or

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

your attorney must (i) file a response (the "***Response***") to the Objection with the Clerk of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408 **no later than the Response Deadline**, (ii) serve the Response on (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Lisa G. Beckerman, lbeckerman@akingump.com; and Rachel Ehrlich Albanese, ralbanese@akingump.com), and Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Avenue, N.W., Washington, DC 20036 (Attn: Scott L. Alberino, salberino@akingump.com), counsel to the Debtors; (b) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Michael Driscoll, michael.driscoll@usdoj.gov; and William E. Curtin william.e.curtin@usdoj.gov); (c) Otterbourg, P.C., 230 Park Avenue, New York, NY 10169 (Attn: Jonathan Helfat, jhelfat@otterbourg.com; and Dan Fiorillo, dfiorillo@otterbourg.com), counsel to Wells Fargo Bank, National Association, agent under the Debtors' prepetition credit facility and DIP Lender; (d) Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10005, (Attn: James Gadsden, bankruptcy@clm.com), counsel to The Bank of New York Mellon, as indenture trustee for the Debtors' 10.5% Senior Secured Notes due 2017; (e) Farrell Fritz, P.C., 1320 RXR Plaza, Uniondale, NY 11556-1320 (Attn: Ted A. Berkowitz, tberkowitz@farrellfritz.com; and Patrick Collins, pcollins@farrellfritz.com), counsel to the Creditors' Committee; (f) Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kris Hansen, khansen@stroock.com), counsel to certain holders of the New Notes; and (l) parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002 (collectively, the "***Notice Parties***").

Your Response, if any, to the Objection must: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure for the Southern District of New York and Order Pursuant to 11 U.S.C. §§ 105(a) and (d) and Bankruptcy Rules 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 65] (the "*Case Management Order*"); (iii) be filed with the Bankruptcy Court either (a) electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, or (b) on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at http://www.nysb.uscourts.gov); and (iv) be served on the Notice Parties in accordance with General Order M-399.

**A hearing (the "*Hearing*") to consider the Objection shall be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 710 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on <u>June 9, 2014 at 11:00 a.m.</u> (prevailing Eastern Time).**

If you or your designated attorney or representative do not timely file and serve a Response in accordance with the above-referenced procedures and attend the Hearing (in the absence of an agreement between you and the Debtors providing otherwise), the Bankruptcy Court may enter an order granting the relief requested in the Objection. Only those Responses made in accordance with the above-referenced requirements and timely filed and received by the Bankruptcy Court and the Notice Parties will be considered by the Bankruptcy Court at the Hearing. **If you fail to respond in accordance with this notice, the Bankruptcy Court may grant the relief requested in the Objection without further notice or hearing.**

Nothing in this notice or the accompanying Objection constitutes a waiver of any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other bankruptcy claims against you. All parties reserve the right to assert additional objections to your proof(s) of claim.

If you would like to obtain a copy of the Objection or any other pleadings filed in these chapter 11 cases, you should contact Kurtzman Carson Consultants LLC, the claims and noticing agent retained by the Debtors in these chapter 11 cases, by: (a) calling the Debtors' restructuring hotline at (877) 726-6508; (b) visiting the Debtors' restructuring website at www.kccllc.net/metro; (c) e-mailing the Debtors at Metroinfo@kccllc.com and/or (d) writing to Metro Affiliates, Inc., c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245. Registered users of the Public Access to Court Electronic Records (PACER) System may also obtain copies of any pleadings filed in these chapter 11 cases for a fee at the Court's website at http://www.nysb.uscourts.gov.

New York, NY
Dated: May 9, 2014

/s/ Lisa G. Beckerman

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
Lisa G. Beckerman
Rachel Ehrlich Albanese

AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288
Scott L. Alberino

*Counsel to the Debtors and Debtors in Possession*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel:   (212) 872-1000
Fax:   (212) 872-1002
Lisa G. Beckerman
Rachel Ehrlich Albanese

AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel:   (202) 887-4000
Fax:   (202) 887-4288
Scott L. Alberino *(Admitted Pro Hac Vice)*

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>METRO AFFILIATES, INC., *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 13-13591 (SHL)<br><br>Jointly Administered |

## DEBTORS' EIGHTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM
### (Employee Backpay Claims)

> **THIS OBJECTION SEEKS TO DISALLOW AND
> EXPUNGE CERTAIN PROOFS OF CLAIM.
> CLAIMANTS RECEIVING THIS OBJECTION
> SHOULD LOCATE THEIR NAMES AND CLAIMS ON
> <u>SCHEDULE 1</u> TO <u>EXHIBIT A</u> OF THIS OBJECTION.**

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: 180 Jamaica Corp. (7630); Amboy Bus Co., Inc. (2369); Atlantic Escorts, Inc. (8870); Atlantic Express Coachways, Inc. (2867); Atlantic Express New England, Inc. (4060); Atlantic Express of California, Inc. (5595); Atlantic Express of Illinois, Inc. (5759); Atlantic Express of LA, Inc. (1639); Atlantic Express of Missouri, Inc. (3116); Atlantic Express of New Jersey, Inc. (8504); Atlantic Express of Pennsylvania, Inc. (0330); Atlantic Express Transportation Corp. (4567); Atlantic Queens Bus Corp. (0276); Atlantic Paratrans of NYC, Inc. (1114); Atlantic Paratrans, Inc. (3789); Atlantic Transit, Corp. (7142); Atlantic-Hudson, Inc. (5121); Block 7932, Inc. (3439); Brookfield Transit, Inc. (8247); Courtesy Bus Co., Inc. (5239); Fiore Bus Service, Inc. (1233); Groom Transportation, Inc. (7208); G.V.D. Leasing, Inc. (0595); James McCarty Limo Services, Inc. (8592); Jersey Business Land Co. Inc. (3850); K. Corr, Inc. (4233); Merit Transportation Corp. (8248); Metro

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") submit this objection (the "**Objection**") to certain proofs of claim that were filed prior to the Bar Date (as defined below). The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), disallowing and expunging the employee claims listed on Schedule 1 thereto, as such claims (a) contradict or are absent from the Debtors' books and records and (b) to the extent such claims exist, they are preempted by claims held by the National Labor Relations Board ("**NLRB**"), as described herein. In support of this Objection, the Debtors respectfully state as follows:

## JURISDICTION

1.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § l57(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

**A.      General Background**

3.      On November 4, 2013 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

---

Affiliates, Inc. (0142); Metropolitan Escort Service, Inc. (9197); Midway Leasing, Inc. (7793); R. Fiore Bus Service, Inc. (3609); Raybern Bus Service, Inc. (9412); Raybern Capital Corp. (6990); Raybern Equity Corp. (3830); Robert L. McCarthy & Son, Inc. (4617); Staten Island Bus, Inc. (6818); Temporary Transit Service, Inc. (0973); Atlantic Express of Upstate New York Inc. (1570); Transcomm, Inc. (4493); and Winsale, Inc. (2710). The Debtors' service address at Metro Affiliates, Inc.'s corporate headquarters is 7 North Street, Staten Island, NY 10302.

4.     The Debtors are authorized to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and their cases have been consolidated for joint administration and procedural purposes only.

5.     An official committee of unsecured creditors (the "***Committee***") was appointed by the Office of the United States Trustee for Region 2 on November 13, 2013.  No trustee or examiner has been appointed in these cases.

6.     On March 31, 2014, the Debtors and the Committee co-proposed the Plan, the Disclosure Statement and the Disclosure Statement Motion and are currently in the midst of the plan confirmation process.[4]  On May 1, 2014, the Court entered an order [ECF No. 1173] approving the Disclosure Statement.  The hearing on confirmation of the Plan is scheduled for June 9, 2014 at 11:00 a.m. (ET).

7.     A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the *Declaration of Nathan Schlenker Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Pleadings* [ECF No. 11] and is incorporated by reference as if fully set forth herein.

**B.     Specific Background**

8.     On December 3, 2013, the Court entered an order [ECF No. 179] appointing Kurtzman Carson Consultants LLC ("***KCC***") as the claims and noticing agent for the Debtors. Among other things, KCC is authorized to (a) receive, maintain, record, and otherwise

---

[4] The "***Plan***" refers to the *Joint Chapter 11 Plan of Liquidation for Metro Affiliates, Inc. and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [as amended, ECF No. 1151].  The "***Disclosure Statement***" refers to the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Joint Chapter 11 Plan of Liquidation for Metro Affiliates, Inc. and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [as amended, ECF No. 1151].  The "***Disclosure Statement Motion***" refers to the *Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order: (A) Approving the Disclosure Statement; (B) Approving Certain Dates Related to Confirmation of the Plan; (C) Approving Certain Voting Procedures and the Form of Certain Documents To Be Distributed in Connection with Solicitation of the Plan; and (D) Approving Proposed Voting and General Tabulation Procedures* [ECF No. 1046].

administer the proofs of claim filed in these chapter 11 cases and (b) maintain official claims registers for each of the Debtors.

9.    On December 18, 2013, each of the Debtors filed their schedules of assets and liabilities and statements of financial affairs (together, the "***SOFAs and Schedules***").  On March 17, 2014, the Court entered orders [ECF Nos. 979 and 981] (the "***Bar Date Orders***") establishing (a) April 21, 2014 (the "***Bar Date***") as the deadline for each person or entity (excluding government entities) asserting an unsecured, administrative or priority claim against the Debtors to file a written proof of claim and (b) May 17, 2014 (the "***Governmental Bar Date***") as the deadline for governmental entities to file a proof of claim.  The Debtors published notice of the Bar Date and the Governmental Bar Date in *The New York Times* and *The Los Angeles Times* on March 25, 2014.

**(1)    Prepetition Backpay Litigation**

10.    Most of the Debtors' former school bus drivers and matrons in New York City are members of Local 1181-1061, Amalgamated Transit Union, AFL-CIO ("***Local 1181***"). Following the expiration in December 2012 of the collective bargaining agreement with Local 1181 and various employers, including certain of the Debtors (collectively, the "***Employers***"), the Employers and Local 1181 engaged in good faith negotiations in an attempt to reach mutually acceptable terms, but they were unsuccessful.  After the Employers declared an impasse in bargaining, in March 2013 they implemented their "best and final offer" ("***BAFO***"), which provided wages and benefits to the members of Local 1181 at reduced rates acceptable to the Employers.  Local 1181 promptly filed unfair labor charges with the NLRB.

11.    In June 2013, the NLRB issued a complaint against 27 of the Employers, including certain of the Debtors, charging that the Employers violated certain provisions of the

National Labor Relations Act. The NLRB then sought and obtained from the United States District Court for the Eastern District of New York a preliminary injunction ordering the Employers to resume bargaining in good faith and resume payment prospectively of the pre-BAFO wages and benefits. In September 2013, an administrative law judge ("*ALJ*") issued a decision ordering the Employers to (a) resume bargaining and (b) resume payment, retroactively, of the pre-BAFO wages and benefits and make the union members whole for all monetary losses they have incurred as a result of such changes, with interest. The Debtors have filed exceptions to the ALJ's decision and have asked the NLRB not to adopt the ALJ's decision. The NLRB has not yet issued an order with respect to the ALJ's decision.

  **(2)  NLRB Claims**

  12.  The NLRB has filed proofs of claim (the "***NLRB Claims***") against certain of the Debtors asserting that such Debtors are potentially liable for backpay obligations arising from alleged violations of the National Labor Relations Act and totaling approximately $18 million. Numerous former employees who are members of Local 1181 also appear to have filed claims on account of the Debtors' alleged backpay obligations (the "***Employee Backpay Claims***").

  13.  Following the Bar Date, the Debtors began actively reviewing and analyzing the various proofs of claim that have been filed, including the NLRB Claims and the Employee Backpay Claims. The Debtors have determined that the Employee Backpay Claims listed on <u>Schedule 1</u> to <u>Exhibit A</u> should be disallowed and expunged, for the reasons set forth herein.

## RELIEF REQUESTED

  14.  The Debtors seek entry of the Proposed Order attached as <u>Exhibit A</u> hereto to disallow and expunge the Employee Backpay Claims listed on <u>Schedule 1</u> thereto.

## OBJECTION

15.     The Debtors object to the Employee Backpay Claims because these claims do not comport with the Debtors' books and records (the "**Books and Records**").  To the extent the Debtors are liable for the asserted backpay obligations, such claims are properly asserted by the NLRB and not individual members of the union.

16.     Prior to the Petition Date and in the ordinary course of business, the Debtors maintained Books and Records that reflect, *inter alia*, the Debtors' liabilities and amounts owed to creditors as of the Petition Date.  The Books and Records were made by the Debtors at or near the time of the relevant transactions giving rise to the liabilities, or otherwise made by the Debtors' personnel with knowledge of the relevant transactions.  The Debtors maintain the Books and Records regularly and in the ordinary course of business, including post-petition, and record payments of liabilities as and when made, including payments made post-petition.

17.     After the Bar Date, the Debtors reviewed the various proofs of claim and assessed their validity by comparing them with the Debtors' Books and Records and SOFAs and Schedules.  The Employee Backpay Claims are not listed in the Debtors' Books and Records. The Employers have filed exceptions with respect to the ALJ's decision regarding the Debtors' alleged backpay obligations and the NLRB  has not yet issued an order.  Therefore, the ALJ's decision is not final and the Debtors are not responsible for the backpay obligations asserted by the union members who filed Employee Backpay Claims.

18.     To the extent the NLRB confirms the ALJ's decision holding the Debtors liable for the backpay obligations, the NLRB is the proper party to assert claims on account of such liability as agent for the employees.[5]  As the NLRB has filed the NLRB Claims in this regard, the

---

[5] The Debtors disagree that they violated the National Labor Relations Act in their dealings with Local 1181 and continue to dispute that they will be found liable therefor.

Employee Backpay Claims listed on <u>Schedule 1</u> to <u>Exhibit A</u> should be disallowed and expunged.

## <u>APPLICABLE AUTHORITY</u>

19.     A filed proof of claim is deemed allowed unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a); *see also id.* § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated.").  In general, if the debtor or a party in interest objects to the asserted claim, the claimant has the burden of demonstrating the validity of the claim.  *See In re Adelphia Commc'ns Corp.*, 02-41729 (REG), 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007) ("If the objecting party rebuts the claimant's *prima facie* case, it is for the claimant to prove his claim, not for the objector to disprove it.") (internal quotations and citations omitted); *see also Sherman v. Novak* (*In re Reilly*), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) ("To overcome this prima facie evidence [the filed claim], the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.").

20.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

21.     Bankruptcy Rule 3007 expressly permits omnibus claim objections when the grounds for the objections are that the claims should be disallowed, in whole or in part, because:

> (1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the

> objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) they are interests, rather than claims; or (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 3007(d).

22.     To provide claimants affected by omnibus objections with adequate notice thereof, Bankruptcy Rule 3007 requires that omnibus objections:

> (1) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection; (2) list claimants alphabetically, provide a cross reference to claim numbers, and, if appropriate, list claimants by category of claims; (3) state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds; (4) state in the title the identity of the objector and the grounds for the objections; (5) be numbered consecutively with other omnibus objections filed by the same objector; and (6) contain objections to no more than 100 claims.

Fed. R. Bankr. P. 3007(e).

23.     Following a review of the proofs of claim filed by the Bar Date, the Debtors have determined that the Employee Backpay Claims identified on <u>Schedule 1</u> to <u>Exhibit A</u> should be disallowed and expunged because they do not appear in the Debtors' Books and Records, as described herein.

24.     To the extent the Court finds that Employee Backpay Claims nevertheless are valid claims for a potential liability of the Debtors, the employees are not the proper party to assert such claims.  To the extent such claims exist, they belong to the NLRB.  *See Nathanson, Trustee in Bankruptcy v. Nat'l Labor Relations Bd.*, 344 U.S. 25, 27 (1952) ("Congress has made the [NLRB] the only party entitled to enforce the [National Labor Relations] Act.  A backpay order is a command to pay an amount owed the [NLRB] as agent for the injured employees.  The

[NLRB] is therefore a claimant in the amount of the back pay."); *Amalgamated Util. Workers v. Consol. Edison Co. of N.Y.*, 309 U.S. 261, 265 (1940) ("When the [NLRB] has made its order, the [NLRB] alone is authorized to . . . enforce it."); *Nat'l Labor Relations Bd. v. Sunshine Mining Co.*, 125 F.2d 757, 761 (9th Cir. 1942) (stating that since the National Labor Relations Act does not create a private right and only the NLRB is authorized to institute proceedings for enforcement of its order, an award of backpay is not a private judgment or chose in action belonging to the employee and the employee has no property right in the award pending actual receipt of it); *In re Grosvenor Orlando Assocs.*, No. 6:04-bk-01085-ABB, 2005 Bankr. LEXIS 2746, at *9-13 (Bankr. M.D. Fla. June 6, 2005) (citing *Amalgamated Utility Workers* and rejecting claims of union and individual employees relating to enforcement of an NLRB backpay order as an impermissible attempt to supersede the authority and jurisdiction of the NLRB). Accordingly, the Employee Backpay Claims should be disallowed and expunged in favor of the NLRB Claims.[6]

25.     The Debtors submit that this Objection meets or exceeds the procedural requirements under Bankruptcy Rule 3007(e).  The recent changes to Bankruptcy Rule 3007, which limited the number and nature of claims that could be included in an omnibus objection, were intended to ensure each claimant's due process rights by preventing the claimant from being forced to search an otherwise cumbersome omnibus objection for its name or claim. Indeed, the clear purpose of Bankruptcy Rule 3007 is to ensure greater transparency to creditors. This Objection achieves that goal, as it has been served on each affected creditor and clearly identifies the claim(s) filed by that claimant that are subject to the Objection and the grounds and response deadline therefor.  The Objection explicitly states:  (a) the name of the claimant

---

[6] For the avoidance of doubt, the Debtors are not seeking allowance of the NLRB Claims and reserve all rights to object to such claims on any basis whatsoever, to the extent appropriate.

asserting the Employee Backpay Claim; (b) the claim number from the claims docket or other information identifying the Employee Backpay Claim; and (c) the name of the Debtor entity against which the Employee Backpay Claim is asserted. Additionally, the notice accompanying this Objection: (i) states the basis of the Objection; (ii) identifies a response date and response procedures; (iii) identifies the hearing date; and (iv) describes how proofs of claim, the SOFas and Schedules and other pleadings in the Debtors' cases may be obtained from the Debtors' claims agent or its website. Further, in accordance with Bankruptcy Rule 3007(a), the Debtors have provided more than 30 days' notice to the affected claimants. The Debtors believe that such notice provides due process to affected claimants and satisfies the requirements set forth in Bankruptcy Rule 3007.

26.     For the reasons stated above, the Debtors object to the allowance of the Employee Backpay Claims as filed and respectfully request that this Court enter the Proposed Order disallowing and expunging the Employee Backpay Claims as set forth herein and therein.

## RESERVATION OF RIGHTS

27.     This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or any other party in interest to object to any of the Employee Backpay Claims and the NLRB Claims on any ground whatsoever, and the Debtors expressly reserve all further substantive and/or procedural objections to the Employee Backpay Claims and the NLRB Claims.

## NOTICE

28.     The Debtors have provided notice of this motion to: (i) the Chambers of the Honorable Sean H. Lane; (ii) the Office of the United States Trustee; (iii) counsel to the Committee; (iv) counsel to Wells Fargo Bank, National Association; (v) counsel to certain holders of the Debtors' 10.5% Senior Secured Notes due 2017; (vi) counsel to Bank of New York

Mellon, as indenture trustee for the Debtors' 10.5% Senior Secured Notes due 2017; (vii) the Internal Revenue Service; (viii) the Securities and Exchange Commission; (ix) the United States Attorney for the Southern District of New York; (x) the NLRB; (xi) Corporation Counsel of the City of New York; (xii) counsel to Local 1181; (xiii) the parties whose claims are listed on Schedule 1 to the Proposed Order; and (xiv) all other parties that have requested service in these cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

29.     No prior request for the relief sought in this motion has been made to this or any other court in connection with these chapter 11 cases.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and appropriate.


New York, NY
Dated: May 9, 2014

*/s/ Lisa G. Beckerman*
Lisa G. Beckerman
Rachel Ehrlich Albanese
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
Fax: (212) 872-1002

Scott L. Alberino
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288

*Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT A**

## **Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>METRO AFFILIATES, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 13-13591 (SHL)<br><br>Jointly Administered |

## ORDER GRANTING DEBTORS' EIGHTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (EMPLOYEE BACKPAY CLAIMS)

Upon the *Debtors' Eighth Omnibus Objection to Certain Proofs of Claim (Employee Backpay Claims)* (the "**Objection**")[2] requesting entry of an order disallowing and expunging the Employee Backpay Claims listed on <u>Schedule 1</u> attached hereto, pursuant to sections 105(a) and 502(b) of title 11 of the United States Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that there exists just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates and creditors and all other parties in interest; and upon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: 180 Jamaica Corp. (7630); Amboy Bus Co., Inc. (2369); Atlantic Escorts, Inc. (8870); Atlantic Express Coachways, Inc. (2867); Atlantic Express New England, Inc. (4060); Atlantic Express of California, Inc. (5595); Atlantic Express of Illinois, Inc. (5759); Atlantic Express of LA, Inc. (1639); Atlantic Express of Missouri, Inc. (3116); Atlantic Express of New Jersey, Inc. (8504); Atlantic Express of Pennsylvania, Inc. (0330); Atlantic Express Transportation Corp. (4567); Atlantic Queens Bus Corp. (0276); Atlantic Paratrans of NYC, Inc. (1114); Atlantic Paratrans, Inc. (3789); Atlantic Transit, Corp. (7142); Atlantic-Hudson, Inc. (5121); Block 7932, Inc. (3439); Brookfield Transit, Inc. (8247); Courtesy Bus Co., Inc. (5239); Fiore Bus Service, Inc. (1233); Groom Transportation, Inc. (7208); G.V.D. Leasing, Inc. (0595); James McCarty Limo Services, Inc. (8592); Jersey Business Land Co. Inc. (3850); K. Corr, Inc. (4233); Merit Transportation Corp. (8248); Metro Affiliates, Inc. (0142); Metropolitan Escort Service, Inc. (9197); Midway Leasing, Inc. (7793); R. Fiore Bus Service, Inc. (3609); Raybern Bus Service, Inc. (9412); Raybern Capital Corp. (6990); Raybern Equity Corp. (3830); Robert L. McCarthy & Son, Inc. (4617); Staten Island Bus, Inc. (6818); Temporary Transit Service, Inc. (0973); Atlantic Express of Upstate New York Inc. (1570); Transcomm, Inc. (4493); and Winsale, Inc. (2710). The Debtors' service address at Metro Affiliates, Inc.'s corporate headquarters is 7 North Street, Staten Island, NY 10302.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Objection.

the record of the hearing before the Court, and any responses to the Objection having been withdrawn, resolved or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED** that:

1.      The Objection is granted to the extent set forth herein.

2.      The Employee Backpay Claims listed on <u>Schedule 1</u> attached hereto are hereby disallowed and expunged as further described therein pursuant to section 502(b) of the Bankruptcy Code.

3.      Nothing herein is intended to, nor shall it, affect the rights of the Debtors and other parties in interest to object to the NLRB Claims on any basis whatsoever.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York

Date: _____, 2014


_____

**HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

## Schedule 1

## Employee Backpay Claims

# Schedule 1

| Date Filed | Claim Number | Name | Address | Claim Amount | Claimed Debtor |
|---|---|---|---|---|---|
| 03/26/2014 | 223 | WRIGHT, MARY | 2058 UNION STREET APT 3D BROOKLYN, NY 11212 | UNLIQUIDATED | Amboy Bus Co., Inc. |
| 03/26/2014 | 224 | CARROLL, BEATRICE | P.O. BOX 120027 BROOKLYN, NY 11212-0027 | UNLIQUIDATED | Amboy Bus Co., Inc. |
| 03/27/2014 | 225 | MOYLAN, THOMAS | 1413 ST LOUIS AVENUE BAYSHORE, NY 11706 | UNLIQUIDATED | Metro Affiliates, Inc. |
| 03/31/2014 | 231 | VILARDI, FRANCESCO | 88-50 81ST ROAD GLENDALE, NY 11385 | $6,990.05 | Atlantic Queens Bus Corp. |
| 03/31/2014 | 235 | CALDARELLO, JOSEPH | 107 CAYUGA AVE DEER PARK, NY 11729 | $8,855.29 | Atlantic Express Transportation Corp. |
| 03/31/2014 | 237 | CAPUTO, ROBERT G. | 480 HENRY ST. BROOKLYN, NY 11231 | UNLIQUIDATED | Atlantic Express Transportation Corp. |
| 03/31/2014 | 244 | RIVERA, ZAIDA E. | 481 GRANT AVENUE APT 2-B BROOKLYN, NY 11208 | $3,673.08 | Atlantic Escorts, Inc. |
| 03/31/2014 | 249 | OUELLETTE, WILLIAM | 10 ENSIGN LANE MASSAPEQUA, NY 11758 | UNLIQUIDATED | Amboy Bus Co., Inc. |
| 03/31/2014 | 250 | CERVANTES, RICHARD | 45 FULLER AVE Floral Park, NY 11001 | $7,600.00 | Amboy Bus Co., Inc. |
| 04/01/2014 | 258 | CALEY.SR, PAUL E | 148 BALDWINVILLE STATE ROAD WINCHENDON, MA 01475 | $15,000.00 | Robert L. McCarthy & Son, Inc. |
| 04/03/2014 | 284 | VARGAS, ALFREDO | 1003 KELLY STREET BOX 7 BRONX, NY 10459 | $6,500.00 | Amboy Bus Co., Inc. |
| 04/02/2014 | 307 | ESFANDIARY, ABDULL H. | 84-70 HOMELAWN ST JAMAICA, NY 11432 | $6,510.00 | Amboy Bus Co., Inc. |
| 04/04/2014 | 310 | ANDERSON, WALTER | 70 TILLER COURT Staten Island, NY 10309 | $3,240.00 | Amboy Bus Co., Inc. |
| 04/04/2014 | 319 | BI, JIA GUANG | 2032 71 ST BROOKLYN AVE Brooklyn, NY 11204 | $5,750.68 | Amboy Bus Co., Inc. |
| 04/04/2014 | 324 | BARBARITO, PASQUALE | 73-07 LITTLE NECK PKWY GLEN OAKS, NY 11004 | $8,012.00 | Metro Affiliates, Inc. |
| 04/04/2014 | 331 | BORDES, SUZELLE J.C. | 770 OCEAN AVE APT D1 Brooklyn, NY 11226 | $3,849.00 | Amboy Bus Co., Inc. |
| 04/07/2014 | 337 | MANKOFF, KEITH | 56-49 UTOPIA PARKWAY FLUSHING, NY 11365 | $6,825.00 | Metro Affiliates, Inc. |
| 04/07/2014 | 341 | ONEILL, JAMES E. | 60-34 59TH ROAD MASPETH, NY 11378 | $6,610.84 | Atlantic Queens Bus Corp. |

| Date Filed | Claim Number | Name | Address | Claim Amount | Claimed Debtor |
|---|---|---|---|---|---|
| 04/07/2014 | 353 | BOLOGNA, VINCENT | 149 03 84TH ST. HOWARD BEACH, NY 11414 | $4,760.16 | Metro Affiliates, Inc. |
| 04/07/2014 | 358 | MOSKOWITZ, BARRY | 2197 CRUGER AVE E6 BRONX, NY 10462 | $12,429.33 | Amboy Bus Co., Inc. |
| 04/07/2014 | 359 | ODONNELL, JAMES | 12 ABBEY COURT BROOKLYN, NY 11229 | UNLIQUIDATED | Amboy Bus Co., Inc. |
| 04/07/2014 | 363 | DAZULMA, CHENET | 245 HAWTHORNE ST APT# E5 BROOKLYN, NY 11225 | UNLIQUIDATED | Amboy Bus Co., Inc. |
| 04/07/2014 | 366 | CHARLES.JR., EDNER | 395 TROY AVE. APT 2R BROOKLYN, NY 11213 | $8,655.20 | Amboy Bus Co., Inc. |
| 04/08/2014 | 372 | CATALANO, DIANE | 145 GOFF AVE STATEN ISLAND, NY 10309 | $3,900.00 | Metro Affiliates, Inc. |
| 04/08/2014 | 374 | FERRARA, MICHELE | 383 WOODROW ROAD STATEN ISLAND, NY 10312 | $3,930.44 | Metro Affiliates, Inc. |
| 04/08/2014 | 376 | VINCENZI, ANGELO | 132-07 81 STREET OZONE PARK, NY 11417 | $6,825.00 | Metro Affiliates, Inc. |
| 04/07/2014 | 384 | Randolph Kamen | 128 Harrison Avenue Island Park, NY 11558 | $588.00 | Courtesy Bus Co., Inc. |
| 04/09/2014 | 387 | RUNDBERG, MARRET | 4 WAYNE STREET STATEN ISLAND, NY 10310 | $2,683.40 | Metro Affiliates, Inc. |
| 04/10/2014 | 394 | SABELLICO, BARBARA | 1492 BLAKE STREET BROOKLYN, NY 11208 | $3,925.64 | Metro Affiliates, Inc. |
| 04/10/2014 | 406 | VARVARO, JOHN | 1706 HEMLOCK FARMS 100 BLACKBIRCH LN. LORDS VALLEY, PA 18428 | $8,000.00 | Amboy Bus Co., Inc. |
| 04/11/2014 | 420 | FERRARA, PATRICIA | 78 LORING AVENUE Staten Island, NY 10312 | $1,550.00 | Atlantic Escorts, Inc. |
| 04/11/2014 | 429 | GRUN, ANDRE | 130 B COLUMBIA CT Yorktown Heights, NY 10598 | $7,114.64 | Amboy Bus Co., Inc. |
| 04/11/2014 | 430 | IPPOLITO, ANTHONY | 727 CONNIE LANE ELMONT, NY 11003 | $9,000.00 | Metro Affiliates, Inc. |
| 04/11/2014 | 433 | Hiram Hilare | 1030 Ocean Ave 3H Brooklyn , NY 11226 | $10,000.00 | Atlantic Queens Bus Corp. |
| 04/11/2014 | 435 | VIVIANI, CHARLES | 1956 FORD STREET BROOKLYN, NY 11229 | $8,942.48 | Amboy Bus Co., Inc. |
| 04/11/2014 | 438 | DILUCA, MARIA | 1162 72ND STREET BROOKLYN, NY 11228 | UNLIQUIDATED | Metro Affiliates, Inc. |
| 04/14/2014 | 462 | SPERRAZZA, MARY | 1366 79 STREET BROOKLYN, NY 11228 | $1,215.65 | Amboy Bus Co., Inc. |

| Date Filed | Claim Number | Name | Address | Claim Amount | Claimed Debtor |
|---|---|---|---|---|---|
| 04/14/2014 | 468 | RIVERA, ALCIDES | 3012 LIGHTHOUSE LANE PARLIN, NJ 08859 | $7,682.20 | Metro Affiliates, Inc. |
| 04/15/2014 | 490 | CRUZ, WILFREDO | 2035 SEAGIRL BLVD 6A FAR ROCKAWAY, NY 11691 | $8,811.34 | Metro Affiliates, Inc. |
| 04/15/2014 | 523 | BEKKERMAN, TIMOFEY | 114 PEMBROOK LOOP STATEN ISLAND, NY 10309 | $6,728.79 | Amboy Bus Co., Inc. |
| 04/15/2014 | 526 | VANTINE, NICOLE | 38 BUTLER PL. STATEN ISLAND, NY 10305 | UNLIQUIDATED | Metro Affiliates, Inc. |
| 04/15/2014 | 530 | COLLICA, THERESA | 5620 AVENUE N BROOKLYN, NY 11234 | $3,183.44 | Metro Affiliates, Inc. |
| 04/16/2014 | 544 | MAY, VADIM | 15 SCENIC LANE Staten Island, NY 10304 | $6,972.41 | Amboy Bus Co., Inc. |
| 04/17/2014 | 583 | DE MASI, MARIE | 84-09 155 AVE 3H HOWARD BEACH, NY 11414 | $7,176.63 | Metro Affiliates, Inc. |
| 04/17/2014 | 585 | STEAKIN, LOURDES T. | 227 KELLUM ST WEST BABYLON, NY 11704 | $7,949.86 | Atlantic Queens Bus Corp. |
| 04/17/2014 | 586 | LENTINI, DEBORAH | 28 CYMBELINE DR OLD BRIDGE, NJ 08857 | $4,000.00 | Atlantic Express Transportation Corp. |
| 04/17/2014 | 590 | RICHARDSON, GUY R. | 145-89 225 STREET SPRINGFIELD GARDENS, NY 11413 | $7,500.00 | Amboy Bus Co., Inc. |
| 04/18/2014 | 616 | DICENZO, MARIE E. | 615 LAMOKA AVE. STATEN ISLAND, NY 10312 | $4,000.00 | Atlantic Escorts, Inc. |
| 04/18/2014 | 621 | REESE, PETER | 254-16 CRAFT AVE Rosedale, NY 11422 | $7,000.00 | Atlantic Express Transportation Corp. |
| 04/18/2014 | 665 | TUNIK, MIKHAIL | 2930 WEST 5TH ST # 22J Brooklyn, NY 11224 | $9,107.00 | Atlantic Queens Bus Corp. |
| 04/21/2014 | 709 | MARTINEZ, REINA E. | 97-40 90 ST Ozone Park, NY 11416 | $8,300.00 | Amboy Bus Co., Inc. |
| 04/21/2014 | 818 | PEPE, HEATHER | 2740 CROPSEY AVENUE 14F BROOKLYN, NY 11214 | $5,933.60 | Amboy Bus Co., Inc. |
| 04/21/2014 | 827 | MARTINEZ, OSCAR | 155-31 84TH ST 2 Howard Beach, NY 11414 | $3,240.00 | Amboy Bus Co., Inc. |
| 04/21/2014 | 877 | Philip W. Sangster | 930 Thieriot Ave Apt 15C Bronx, NY 10473 | $3,560.16 | Amboy Bus Co., Inc. |
| 04/21/2014 | 882 | SKERRITT, KELVIN | 2 FREDERICK ST Sicklerville, NJ 08081 | $9,061.06 | Amboy Bus Co., Inc. |
| 04/21/2014 | 887 | FERNANDEZ, EUGENIO | 1895 WILLOUGHBY AVE Ridgewood, NY 11385 | $4,832.60 | Amboy Bus Co., Inc. |
| 04/21/2014 | 895 | SKERRITT, VALQUISE | 2 FREDERICK ST. Sicklerville, NJ 08081 | $3,749.21 | Atlantic Escorts, Inc. |

| Date Filed | Claim Number | Name | Address | Claim Amount | Claimed Debtor |
|---|---|---|---|---|---|
| 04/21/2014 | 902 | GAJADHAR, RICARDO A | 1100 TERRY ROAD Ronkonkoma, NY 11779 | $4,350.00 | Atlantic Queens Bus Corp. |
| 04/22/2014 | 930 | Catherine Randazzo | 167 Bay 41 Street Brooklyn, NY 11214 | $12,136.00 | Amboy Bus Co., Inc. |
| 04/14/2014 | 939 | LIU, BOSHAN | 133-40 ROOSEVELT AVE #5A Flushing, NY 11354 | $2,400.00 | Amboy Bus Co., Inc. |
| 04/17/2014 | 948 | LIU, BOSHAN | 133-40 ROOSEVELT AVE #5A Flushing, NY 11354 | $2,400.00 | Amboy Bus Co., Inc. |
| 04/17/2014 | 950 | BUTERA, CHARLES | 158-36 89TH STREET HOWARD BEACH, NY 11414 | $11,507.00 | Atlantic Express Transportation Corp. |
| 04/18/2014 | 958 | BARTHELEMY, HERNS | 155- 15 N. CONDUIT AVE APT# 6Y JAMAICA, NY 11434 | $2,968.27 | Amboy Bus Co., Inc. |
| 04/24/2014 | 980 | FORTUNA, JEAN B. | 330 LENOX RD. 2C BROOKLYN, NY 11226 | $6,259.88 | Amboy Bus Co., Inc. |
| 04/24/2014 | 981 | WILNER, DEMERO | 8722 FARRAGUT RD Brooklyn, NY 11230 | $14,584.00 | Metro Affiliates, Inc. |
| 04/24/2014 | 986 | GOLDMAN, STEVEN | 2030 BERGEN AVE. BROOKLYN, NY 11234 | $4,736.00 | Amboy Bus Co., Inc. |
| 04/24/2014 | 988 | NICHOLSON, DUNIELLE MICHELLE | 135-38 224th STREET Springfield Gardens, NY 11413 | $3,363.44 | Metro Affiliates, Inc. |
| 04/21/2014 | 1001 | PAGNOTTA, NICOLA | 2208 MORGAN AVENUE BRONX, NY 10469 | $9,000.00 | Metro Affiliates, Inc. |
| 04/21/2014 | 1002 | NICOLA PAGNOTTA | 2208 MORGAN AVE BRONX, NY 10469 | $9,000.00 | Metro Affiliates, Inc. |
| 04/21/2014 | 1006 | FELICIANO, MILAGROS | 2243 CROPSEY AVE. APT 9-A BROOKLYN, NY 11214 | BLANK | Metro Affiliates, Inc. |
| 04/21/2014 | 1008 | HANS, ESTHER | 1996 OCEAN AVE 6D BROOKLYN, NY 11230 | $9,476.94 | Metro Affiliates, Inc. |
| 04/21/2014 | 1011 | JOVANY PINTO | 8100 SHORE FRONT PKWY ROCKAWAY BEACH, NY 11693 | $8,217.91 | Metro Affiliates, Inc. |
| 04/21/2014 | 1023 | IFRAH, YORAM | 2271 60TH STREET BROOKLYN, NY 11204 | $10,000.00 | Metro Affiliates, Inc. |