AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel:   (212) 872-1000
Fax:   (212) 872-1002
Lisa G. Beckerman
Rachel Ehrlich Albanese

AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel:   (202) 887-4000
Fax:   (202) 887-4288
Scott L. Alberino *(Admitted Pro Hac Vice)*

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>METRO AFFILIATES, INC., *et al.*,[1]<br><br>                                 Debtors. | Chapter 11<br><br>Case No. 13-13591 (SHL)<br><br>Jointly Administered |

**NOTICE OF HEARING ON THE DEBTORS'
TENTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**
**(Employee Wage Claims)**

**TO THE CLAIMANTS IDENTIFIED ON <u>SCHEDULE 1</u> TO <u>EXHIBIT A</u> TO THIS OBJECTION:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: 180 Jamaica Corp. (7630); Amboy Bus Co., Inc. (2363); Atlantic Escorts, Inc. (8870); Atlantic Express Coachways, Inc. (2867); Atlantic Express New England, Inc. (4060); Atlantic Express of California, Inc. (5595); Atlantic Express of Illinois, Inc. (5759); Atlantic Express of LA, Inc. (1639); Atlantic Express of Missouri, Inc. (3116); Atlantic Express of New Jersey, Inc. (8504); Atlantic Express of Pennsylvania, Inc. (0330); Atlantic Express Transportation Corp. (4567); Atlantic Queens Bus Corp. (0276); Atlantic Paratrans of NYC, Inc. (1114); Atlantic Paratrans, Inc. (3789); Atlantic Transit, Corp. (5121); Atlantic-Hudson, Inc. (3439); Block 7932, Inc. (3439); Brookfield Transit, Inc. (8247); Courtesy Bus Co., Inc. (5239); Fiore Bus Service, Inc. (1233); Groom Transportation, Inc. (7208); G.V.D. Leasing, Inc. (0595); James McCarty Limo Services, Inc. (8592); Jersey Business Land Co. Inc. (3850); K. Corr, Inc. (4233); Merit Transportation Corp. (8248); Metro Affiliates, Inc. (0142); Metropolitan Escort Service, Inc. (9197); Midway Leasing, Inc. (7793); R. Fiore Bus Service, Inc. (3609); Raybern Bus Service, Inc. (9412); Raybern Capital Corp. (6990); Raybern Equity Corp. (3830); Robert L. McCarthy & Son, Inc. (4617); Staten Island Bus, Inc. (6818); Temporary Transit Service, Inc. (0973); Atlantic Express of Upstate New York Inc. (1570); Transcomm, Inc. (4493); and Winsale, Inc. (2710).  The Debtors' service address at Metro Affiliates, Inc.'s corporate headquarters is 7 North Street, Staten Island, NY 10302

The above-captioned debtors and debtors-in-possession (collectively, the "***Debtors***")[2] provide you with this notice of the objection to claim(s) pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

You have filed one or more proofs of claim (each, a "***Claim***") in the Debtors' chapter 11 cases to which the Debtors have filed an objection (the "***Objection***"). **Your Claim (a "*Disputed Claim*") will be affected as a result of the Objection. Therefore, you should read this notice and the enclosed Objection carefully.**

The Debtors' representatives will be available to discuss and potentially resolve the Objection to your Disputed Claim without the need for you to file a response or attend a hearing. Factual inquiries regarding the Objection and your Disputed Claim may be directed to the Debtors' Restructuring Hotline at (877) 726-6508 within 14 calendar days after the date on which this notice was served. Legal matters, however, will be referred to the Debtors' attorneys. When you contact the hotline, please have your proof(s) of claim available. Your discussions with the Debtors' personnel or the Debtors' attorneys may result in an agreement to settle the Objection. If you do not reach an agreement with the Debtors to settle the Objection with respect to your Claim before **<u>May 29, 2014 at 4:00 p.m.</u>** (prevailing Eastern Time) (the "***Response Deadline***"), you must file a response in compliance with the procedures set forth below. **Speaking with the Debtors' personnel or the Debtors' attorneys will not satisfy the requirement that you must reach an agreement before the Response Deadline or file a response and attend the hearing on the Objection, as discussed below.**

If you disagree with the Objection and are unable or unwilling to consensually resolve the Objection with respect to your Claim with the Debtors before the Response Deadline, you or

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

your attorney must (i) file a response (the "***Response***") to the Objection with the Clerk of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408 **no later than the Response Deadline**, (ii) serve the Response on (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Lisa G. Beckerman, lbeckerman@akingump.com; and Rachel Ehrlich Albanese, ralbanese@akingump.com), and Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Avenue, N.W., Washington, DC 20036 (Attn: Scott L. Alberino, salberino@akingump.com), counsel to the Debtors; (b) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Michael Driscoll, michael.driscoll@usdoj.gov; and William E. Curtin william.e.curtin@usdoj.gov); (c) Otterbourg, P.C., 230 Park Avenue, New York, NY 10169 (Attn: Jonathan Helfat, jhelfat@otterbourg.com; and Dan Fiorillo, dfiorillo@otterbourg.com), counsel to Wells Fargo Bank, National Association, agent under the Debtors' prepetition credit facility and DIP Lender; (d) Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10005, (Attn: James Gadsden, bankruptcy@clm.com), counsel to The Bank of New York Mellon, as indenture trustee for the Debtors' 10.5% Senior Secured Notes due 2017; (e) Farrell Fritz, P.C., 1320 RXR Plaza, Uniondale, NY 11556-1320 (Attn: Ted A. Berkowitz, tberkowitz@farrellfritz.com; and Patrick Collins, pcollins@farrellfritz.com), counsel to the Creditors' Committee; (f) Stroock & Stroock & Lavan, 180 Maiden Lane, New York, NY 10038-4982 (Attn: Kris Hansen, khansen@stroock.com), counsel to certain holders of the New Notes; and (l) parties in interest who have filed a notice of appearance in these cases pursuant to Bankruptcy Rule 2002 (collectively, the "***Notice Parties***").

Your Response, if any, to the Objection must: (i) be in writing; (ii) conform to the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure for the Southern District of New York and Order Pursuant to 11 U.S.C. §§ 105(a) and (d) and Bankruptcy Rules 1015(c), 2002(m), and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 65] (the "*Case Management Order*"); (iii) be filed with the Bankruptcy Court either (a) electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, or (b) on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at http://www.nysb.uscourts.gov); and (iv) be served on the Notice Parties in accordance with General Order M-399.

**A hearing (the "*Hearing*") to consider the Objection shall be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in Room 710 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on <u>June 9, 2014 at 11:00 a.m.</u> (prevailing Eastern Time).**

If you or your designated attorney or representative do not timely file and serve a Response in accordance with the above-referenced procedures and attend the Hearing (in the absence of an agreement between you and the Debtors providing otherwise), the Bankruptcy Court may enter an order granting the relief requested in the Objection. Only those Responses made in accordance with the above-referenced requirements and timely filed and received by the Bankruptcy Court and the Notice Parties will be considered by the Bankruptcy Court at the Hearing. **If you fail to respond in accordance with this notice, the Bankruptcy Court may grant the relief requested in the Objection without further notice or hearing.**

Nothing in this notice or the accompanying Objection constitutes a waiver of any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent transfer actions, or any other bankruptcy claims against you. All parties reserve the right to assert additional objections to your proof(s) of claim.

If you would like to obtain a copy of the Objection or any other pleadings filed in these chapter 11 cases, you should contact Kurtzman Carson Consultants LLC, the claims and noticing agent retained by the Debtors in these chapter 11 cases, by: (a) calling the Debtors' restructuring hotline at (877) 726-6508; (b) visiting the Debtors' restructuring website at www.kccllc.net/metro; (c) e-mailing the Debtors at Metroinfo@kccllc.com and/or (d) writing to Metro Affiliates, Inc., c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245. Registered users of the Public Access to Court Electronic Records (PACER) System may also obtain copies of any pleadings filed in these chapter 11 cases for a fee at the Court's website at http://www.nysb.uscourts.gov.

| | |
|---|---|
| New York, NY<br>Dated: May 9, 2014 | */s/ Lisa G. Beckerman*<br><br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>Tel: (212) 872-1000<br>Fax: (212) 872-1002<br>Lisa G. Beckerman<br>Rachel Ehrlich Albanese<br><br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036<br>Tel: (202) 887-4000<br>Fax: (202) 887-4288<br>Scott L. Alberino<br><br>*Counsel to the Debtors and Debtors in Possession* |

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
Lisa G. Beckerman
Rachel Ehrlich Albanese

AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: (202) 887-4000
Fax: (202) 887-4288
Scott L. Alberino *(Admitted Pro Hac Vice)*

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>METRO AFFILIATES, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-13591 (SHL)<br><br>Jointly Administered |

**DEBTORS' TENTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM**
**(Employee Wage Claims)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO EXHIBIT A OF THIS OBJECTION.**

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: 180 Jamaica Corp. (7630); Amboy Bus Co., Inc. (2369); Atlantic Escorts, Inc. (8870); Atlantic Express Coachways, Inc. (2867); Atlantic Express New England, Inc. (4060); Atlantic Express of California, Inc. (5595); Atlantic Express of Illinois, Inc. (5759); Atlantic Express of LA, Inc. (1639); Atlantic Express of Missouri, Inc. (3116); Atlantic Express of New Jersey, Inc. (8504); Atlantic Express of Pennsylvania, Inc. (0330); Atlantic Express Transportation Corp. (4567); Atlantic Queens Bus Corp. (0276); Atlantic Paratrans of NYC, Inc. (1114); Atlantic Paratrans, Inc. (3789); Atlantic Transit, Corp. (7142); Atlantic-Hudson, Inc. (5121); Block 7932, Inc. (3439); Brookfield Transit, Inc. (8247); Courtesy Bus Co., Inc. (5239); Fiore Bus Service, Inc. (1233); Groom Transportation, Inc. (7208); G.V.D. Leasing, Inc. (0595); James McCarty Limo Services, Inc. (8592); Jersey Business Land Co. Inc. (3850); K. Corr, Inc. (4233); Merit Transportation Corp. (8248); Metro

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") submit this objection (the "**Objection**") to certain proofs of claim that were filed prior to the Bar Date (as defined below). The Debtors seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), disallowing and expunging the employee wage claims listed on <u>Schedule 1</u> thereto, as such claims contradict or are absent from the Debtors' books and records. In support of this Objection, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § l57(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

**A.     General Background**

3. On November 4, 2013 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

4. The Debtors are authorized to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and their cases have been consolidated for joint administration and procedural purposes only.

---

Affiliates, Inc. (0142); Metropolitan Escort Service, Inc. (9197); Midway Leasing, Inc. (7793); R. Fiore Bus Service, Inc. (3609); Raybern Bus Service, Inc. (9412); Raybern Capital Corp. (6990); Raybern Equity Corp. (3830); Robert L. McCarthy & Son, Inc. (4617); Staten Island Bus, Inc. (6818); Temporary Transit Service, Inc. (0973); Atlantic Express of Upstate New York Inc. (1570); Transcomm, Inc. (4493); and Winsale, Inc. (2710). The Debtors' service address at Metro Affiliates, Inc.'s corporate headquarters is 7 North Street, Staten Island, NY 10302.

5. An official committee of unsecured creditors (the "***Committee***") was appointed by the Office of the United States Trustee for Region 2 on November 13, 2013. No trustee or examiner has been appointed in these cases.

6. On March 31, 2014, the Debtors and the Committee co-proposed the Plan, the Disclosure Statement and the Disclosure Statement Motion and are currently in the midst of the plan confirmation process.[4] On May 1, 2014, the Court entered an order [ECF No. 1173] approving the Disclosure Statement. The hearing on confirmation of the Plan is scheduled for June 9, 2014 at 11:00 a.m. (ET).

7. A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the *Declaration of Nathan Schlenker Pursuant to Local Bankruptcy Rule 1007-2 in Support of First Day Pleadings* [ECF No. 11] and is incorporated by reference as if fully set forth herein.

**B.     Specific Background**

8. On December 3, 2013, the Court entered an order [ECF No. 179] appointing Kurtzman Carson Consultants LLC ("***KCC***") as the claims and noticing agent for the Debtors. Among other things, KCC is authorized to (a) receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases and (b) maintain official claims registers for each of the Debtors.

---

[4] The "***Plan***" refers to the *Joint Chapter 11 Plan of Liquidation for Metro Affiliates, Inc. and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [as amended, ECF No. 1151]. The "***Disclosure Statement***" refers to the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Joint Chapter 11 Plan of Liquidation for Metro Affiliates, Inc. and Its Affiliated Debtors Proposed by the Debtors and the Official Committee of Unsecured Creditors* [as amended, ECF No. 1151]. The "***Disclosure Statement Motion***" refers to the *Motion of the Debtors and the Official Committee of Unsecured Creditors for Entry of an Order: (A) Approving the Disclosure Statement; (B) Approving Certain Dates Related to Confirmation of the Plan; (C) Approving Certain Voting Procedures and the Form of Certain Documents To Be Distributed in Connection with Solicitation of the Plan; and (D) Approving Proposed Voting and General Tabulation Procedures* [ECF No. 1046].

9. On December 18, 2013, each of the Debtors filed their schedules of assets and liabilities and statements of financial affairs (together, the "**SOFAs and Schedules**"). On March 17, 2014, the Court entered orders [ECF Nos. 979 and 981] (the "**Bar Date Orders**") establishing (a) April 21, 2014 (the "**Bar Date**") as the deadline for each person or entity (excluding government entities) asserting an unsecured, administrative or priority claim against the Debtors to file a written proof of claim and (b) May 17, 2014 (the "**Governmental Bar Date**") as the deadline for governmental entities to file a proof of claim. The Debtors published notice of the Bar Date and the Governmental Bar Date in *The New York Times* and *The Los Angeles Times* on March 25, 2014.

**(1) Wages Motion**

10. On the Petition Date, the Debtors filed a motion [ECF No. 14] (the "***Wages Motion***") seeking authority to, *inter alia*, pay prepetition wages and related payroll obligations and continue employee benefit programs and related administrative obligations in the ordinary course, including the Debtors' Vacation Policy (as defined therein). On November 7, 2014, the Court granted the Wages Motion on an interim basis, and on December 2, 2014, the Court entered a final order [ECF No. 174] approving the Wages Motion. The Debtors historically provided all salaried employees and all hourly, non-union employees with paid vacation time and paid personal days based on their length of continuous service with the Debtors. As set forth in the Wages Motion,

> Company policy historically has been that if Employees fail to use allotted vacation time during the fiscal year, they are not entitled to carry it over to the next fiscal year or to receive compensation therefor, unless otherwise provided by the Debtors' executive management. If the Employee is terminated, however, that Employee is entitled to compensation for paid time off not used during the fiscal year.

Wages Mot. ¶ 29. The same is true of unused personal days, which do not carry over into subsequent fiscal years or entitle an employee to compensation therefor. *Id.* ¶ 30. The Debtors stated in the Wages Motion that, as of the Petition Date, they believed no amounts were owed to employees for unused vacation and personal days.

**(2) Employee Wage Claims**

11. Prior to the Petition Date and in the ordinary course of business, the Debtors maintained books and records that reflect, *inter alia*, the Debtors' liabilities and amounts owed to creditors as of the Petition Date. The books and records were made by the Debtors at or near the time of the relevant transactions giving rise to the liabilities, or otherwise made by the Debtors' personnel with knowledge of the relevant transactions. The Debtors maintain the books and records regularly and in the ordinary course of business, including post-petition, and record payments of liabilities as and when made, including payments made post-petition. The Debtors' books and records continue to support the Debtors' position that no amounts are owed to former employees on account of unused vacation or personal days.

12. Following the Bar Date, the Debtors began actively reviewing and analyzing the various proofs of claim that have been filed. More than 1,000 proofs of claim have been filed in these chapter 11 cases. Numerous employees filed proofs of claim asserting claims for unpaid wages (the "***Employee Wage Claims***"), including vacation pay, personal/sick day pay and/or other amounts allegedly owed on account of payroll and employee benefits.[5] Many of these Employee Wage Claims have vague descriptions[6] and attach no supporting documentation to support the asserted claim for wages, vacation, personal days, etc. After conducting a review of

---

[5] Employee Wage Claims do not include claims on account of the Debtors' alleged backpay obligations to the members of Local 1181-1061, Amalgamated Transit Union, AFL-CIO, which are the subject of a separate objection filed contemporaneously herewith.

[6] Such vague descriptions include, for example, "services performed," "unpaid wages," "salary not paid" and "payroll checks." See Claim Nos. 389, 494, 250 and 987.

5

such proofs of claim, and comparing such claims to the Debtors' SOFAs and Schedules and books and records, the Debtors have determined that the Employee Wage Claims listed on Schedule 1 to Exhibit A hereto should be disallowed and expunged.[7]

**RELIEF REQUESTED**

13. The Debtors seek entry of the Proposed Order attached to this Objection as Exhibit A to disallow and expunge the Employee Wage Claims set forth on Schedule 1 thereto.

**OBJECTION**

14. After the Bar Date, the Debtors reviewed the various proofs of claim that have been filed in these cases and assessed their validity by comparing them with the Debtors' books and records and SOFAs and Schedules. The Debtors have determined that the Employee Wage Claims should be disallowed and expunged because such claims do not comport with, or are not listed in, the Debtors' Books and Records. As set forth in the Wages Motion, the Debtors have determined that no amounts are owed to employees on account of unpaid wages or other amounts such as unused vacation or personal/sick day pay. Many of the Employee Wage Claims do not include supporting documentation and contain vague descriptions such as "services performed" or "unpaid wages," facts which belie their claims.

**APPLICABLE AUTHORITY**

15. A filed proof of claim is deemed allowed unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a); *see also id.* § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated."). In general, if the debtor or a party in

---

[7] This Objection is substantially identical to the *Debtors' Ninth Omnibus Objection to Certain Proofs of Claim (Employee Wage Claims)* (the "**Ninth Objection**") but was necessitated by Bankruptcy Rule 3007(e), which provides that the Debtors may not object to more than 100 claims in each omnibus objection. Accordingly, this Objection seeks to disallow and expunge different Employee Wage Claims than the Ninth Objection.

interest objects to the asserted claim, the claimant has the burden of demonstrating the validity of the claim. *See In re Adelphia Commc'ns Corp.*, 02-41729 (REG), 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007) ("If the objecting party rebuts the claimant's *prima facie* case, it is for the claimant to prove his claim, not for the objector to disprove it.") (internal quotations and citations omitted); *see also Sherman v. Novak* (*In re Reilly*), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) ("To overcome this prima facie evidence [the filed claim], the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.").

16. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

17. Bankruptcy Rule 3007 expressly permits omnibus claim objections when the grounds for the objections are that the claims should be disallowed, in whole or in part, because:

> (1) they duplicate other claims; (2) they have been filed in the wrong case; (3) they have been amended by subsequently filed proofs of claim; (4) they were not timely filed; (5) they have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order; (6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) they are interests, rather than claims; or (8) they assert priority in an amount that exceeds the maximum amount under § 507 of the [Bankruptcy] Code.

Fed. R. Bankr. P. 3007(d).

18. To provide claimants affected by omnibus objections with adequate notice thereof, Bankruptcy Rule 3007 requires that omnibus objections:

> (1) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the

7

> objection; (2) list claimants alphabetically, provide a cross reference to claim numbers, and, if appropriate, list claimants by category of claims; (3) state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds; (4) state in the title the identity of the objector and the grounds for the objections; (5) be numbered consecutively with other omnibus objections filed by the same objector; and (6) contain objections to no more than 100 claims.

Fed. R. Bankr. P. 3007(e).

19. Following a review of the proofs of claim filed by the Bar Date, the Debtors have determined that the Employee Wage Claims identified on <u>Schedule 1</u> to <u>Exhibit A</u> should be disallowed and expunged, as described further herein.

20. The Debtors submit that this Objection meets or exceeds the procedural requirements under Bankruptcy Rule 3007(e). The recent changes to Bankruptcy Rule 3007, which limited the number and nature of claims that could be included in an omnibus objection, were intended to ensure each claimant's due process rights by preventing the claimant from being forced to search an otherwise cumbersome omnibus objection for its name or claim. Indeed, the clear purpose of Bankruptcy Rule 3007 is to ensure greater transparency to creditors. This Objection achieves that goal, as it has been served on each affected creditor and clearly identifies the claim(s) filed by that claimant that are subject to the Objection and the grounds and response deadline therefor. The Objection explicitly states: (a) the name of the claimant asserting the Employee Wage Claim; (b) the claim number from the claims docket or other information identifying the Employee Wage Claim; and (c) the name of the Debtor entity against which the Employee Wage Claim is asserted. Additionally, the notice accompanying this Objection: (i) states the basis of the Objection; (ii) identifies a response date and response procedures; (iii) identifies the hearing date; and (iv) describes how proofs of claim, the SOFAs

and Schedules and other pleadings in the Debtors' cases may be obtained from the Debtors' claims agent or its website. Further, in accordance with Bankruptcy Rule 3007(a), the Debtors have provided more than 30 days' notice to the affected claimants. The Debtors believe that such notice provides due process to affected claimants and satisfies the requirements set forth in Bankruptcy Rule 3007.

21. For the reasons stated above, the Debtors object to the allowance of the Employee Wage Claims as filed and respectfully request that this Court enter the Proposed Order disallowing and expunging the Employee Wage Claims as set forth herein and therein.

## **RESERVATION OF RIGHTS**

22. This Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the rights of the Debtors or any other party in interest to object to any of the Employee Wage Claims on any ground whatsoever, and the Debtors expressly reserve all further substantive and/or procedural objections to the Employee Wage Claims.

## **NOTICE**

23. The Debtors have provided notice of this motion to: (i) the Chambers of the Honorable Sean H. Lane; (ii) the Office of the United States Trustee; (iii) counsel to the Committee; (iv) counsel to Wells Fargo Bank, National Association; (v) counsel to certain holders of the Debtors' 10.5% Senior Secured Notes due 2017; (vi) counsel to Bank of New York Mellon, as indenture trustee for the Debtors' 10.5% Senior Secured Notes due 2017; (vii) the Internal Revenue Service; (viii) the Securities and Exchange Commission; (ix) the United States Attorney for the Southern District of New York; (x) the National Labor Relations Board; (xi) Corporation Counsel of the City of New York; (xii) counsel to Local 1181-1061, Amalgamated Transit Union, AFL-CIO; (xiii) the parties whose claims are listed on Schedule 1 to the Proposed

Order; and (xiv) all other parties that have requested service in these cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

24. No prior request for the relief sought in this motion has been made to this or any other court in connection with these chapter 11 cases.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| New York, NY<br>Dated:  May 9, 2014 | */s/ Lisa G. Beckerman*<br>Lisa G. Beckerman<br>Rachel Ehrlich Albanese<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>One Bryant Park<br>New York, New York 10036<br>Tel:  (212) 872-1000<br>Fax: (212) 872-1002<br><br>Scott L. Alberino<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, DC 20036<br>Tel:  (202) 887-4000<br>Fax: (202) 887-4288<br><br>*Counsel to the Debtors and Debtors in Possession* |

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| METRO AFFILIATES, INC., *et al.*,[1] | Case No. 13-13591 (SHL) |
| Debtors. | Jointly Administered |

## ORDER GRANTING DEBTORS' TENTH OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM (EMPLOYEE WAGE CLAIMS)

Upon the *Debtors' Tenth Omnibus Objection to Certain Proofs of Claim (Employee Wage Claims)* (the "***Objection***")[2] requesting entry of an order disallowing and expunging the Employee Wage Claims listed on Schedule 1 attached hereto, pursuant to sections 105(a) and 502(b) of title 11 of the United States Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that there exists just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates and creditors and all other parties in interest; and upon

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer identification number, are: 180 Jamaica Corp. (7630); Amboy Bus Co., Inc. (2369); Atlantic Escorts, Inc. (8870); Atlantic Express Coachways, Inc. (2867); Atlantic Express New England, Inc. (4060); Atlantic Express of California, Inc. (5595); Atlantic Express of Illinois, Inc. (5759); Atlantic Express of LA, Inc. (1639); Atlantic Express of Missouri, Inc. (3116); Atlantic Express of New Jersey, Inc. (8504); Atlantic Express of Pennsylvania, Inc. (0330); Atlantic Express Transportation Corp. (4567); Atlantic Queens Bus Corp. (0276); Atlantic Paratrans of NYC, Inc. (1114); Atlantic Paratrans, Inc. (3789); Atlantic Transit, Corp. (7142); Atlantic-Hudson, Inc. (5121); Block 7932, Inc. (3439); Brookfield Transit, Inc. (8247); Courtesy Bus Co., Inc. (5239); Fiore Bus Service, Inc. (1233); Groom Transportation, Inc. (7208); G.V.D. Leasing, Inc. (0595); James McCarty Limo Services, Inc. (8592); Jersey Business Land Co. Inc. (3850); K. Corr, Inc. (4233); Merit Transportation Corp. (8248); Metro Affiliates, Inc. (0142); Metropolitan Escort Service, Inc. (9197); Midway Leasing, Inc. (7793); R. Fiore Bus Service, Inc. (3609); Raybern Bus Service, Inc. (9412); Raybern Capital Corp. (6990); Raybern Equity Corp. (3830); Robert L. McCarthy & Son, Inc. (4617); Staten Island Bus, Inc. (6818); Temporary Transit Service, Inc. (0973); Atlantic Express of Upstate New York Inc. (1570); Transcomm, Inc. (4493); and Winsale, Inc. (2710). The Debtors' service address at Metro Affiliates, Inc.'s corporate headquarters is 7 North Street, Staten Island, NY 10302.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Objection.

the record of the hearing before the Court, and any responses to the Objection having been withdrawn, resolved or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED** that:

1. The Objection is granted to the extent set forth herein.

2. The Employee Wage Claims listed on <u>Schedule 1</u> attached hereto are hereby disallowed and expunged as further described therein pursuant to section 502(b) of the Bankruptcy Code.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York

Date: _____, 2014

_____

**HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

# Schedule 1

**Employee Wage Claims**

| Date Filed | Claim Number | Name | Address | Claim Amount | Claimed Debtor |
|---|---|---|---|---|---|
| 04/21/2014 | 898 | LAW, MARIA | 15 CRABTREE AVENUE Staten Island, NY 10309 | $1,550.00 | Atlantic Escorts, Inc. |
| 04/21/2014 | 913 | YRRIZARRY, MARGARITA | 970 BOSTON RD. #4E BRONX, NY 10456 | $5,512.00 | Metro Affiliates, Inc. |
| 04/21/2014 | 914 | TERYEK, FRANCENE | 1232 ARTHUR KILL RD. STATEN ISLAND, NY 10312 | $2,080.14 | Metro Affiliates, Inc. |
| 04/22/2014 | 929 | COLON, JEANNIE | 3340 BAILEY AVE # 5E Bronx, NY 10463 | $4,900.00 | Amboy Bus Co., Inc. |
| 04/22/2014 | 931 | MICIAL, MARISE P | 1198 OCEAN AVENUE APT.#43 Brooklyn, NY 11230 | $10,000.00 | Amboy Bus Co., Inc. |
| 04/15/2014 | 941 | DIAZ, DURWIN | 1621 CARMAN PL Baldwin, NY 11510 | $6,713.50 | Atlantic Queens Bus Corp. |
| 04/15/2014 | 942 | HENRY, TRINETTE | 1173 EAST 51ST STREET #2 Brooklyn, NY 11234 | $9,904.00 | Metro Affiliates, Inc. |
| 04/16/2014 | 943 | Twana Brown - Carter | P.O. Box 210508 Brooklyn, NY 11221 | $11,656.40 | Amboy Bus Co., Inc. |
| 04/23/2014 | 959 | LIMA.JR, JUAN | 6039 1/4 MALABAR HUNTINGTON PARK, CA 90255 | $1,038.44 | Metro Affiliates, Inc. |
| 04/23/2014 | 963 | CONTRERAS, COLAS | 555 W. 171 ST APT#32 NEW YORK, NY 10032 | $4,000.00 | Amboy Bus Co., Inc. |
| 04/23/2014 | 966 | HARRIS, CHIONESO | 2904 W. CENTURY BL#3 INGLEWOOD, CA 90303 | $2,000.00 | Metro Affiliates, Inc. |
| 04/23/2014 | 972 | SIERRA, NELIDA | 72 PINEVIEW AVENUE BARDONIA, NY 10954 | $8,598.00 | Amboy Bus Co., Inc. |
| 04/23/2014 | 975 | JARAMILLO, MICHELLE | 218-11 HILLSIDE AVE APT 3D QUEENS VLLGE, NY 11427 | $5,634.00 | Metro Affiliates, Inc. |
| 04/23/2014 | 977 | JARAMILLO, KLEBER | 218-11 HILLSIDE AVE. APT 3D QUEENS VILLAG, NY 11427 | $6,820.00 | Metro Affiliates, Inc. |
| 04/24/2014 | 987 | ESKANDER, JACQUELINE | 39 TAYLOR AVE #A EAST BRUNSWICK, NJ 08816 | $377.57 | Metro Affiliates, Inc. |
| 04/18/2014 | 993 | LEROY LITTLES | 146-51 SHORE AVE JAMAICA, NY 11435 | $19,500.45 | Midway Leasing, Inc. |
| 04/18/2014 | 996 | JONES, ANTHONY | 145-90 176 STREET SPRNGFLD GDNS, NY 11434 | $8,822.63 | Metro Affiliates, Inc. |
| 04/21/2014 | 1009 | SIMPKINS, THOMAS W. | 108-38 38 AVE. 2R CORONA, NY 11368 | $7,535.60 | Metro Affiliates, Inc. |
| 04/22/2014 | 1031 | JOSEPH, MARIE MONA | 136-18 242ND STREET 1ST FLOOR ROSEDALE, NY 11422 | $3,500.00 | Metro Affiliates, Inc. |